
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ESTATE OF JOHN DOE**
By John Child1 Doe, Administrator,
and on behalf of all others similarly situated,

**JOHN CHILD1 DOE**
Individually on his own behalf,

**ESTATE OF JANE PARENT1 DOE**
By John Child1 Doe, Administrator,

**ESTATE OF JANE SPOUSE DOE**
By John Child1 Doe, Administrator,

**JOHN CHILD2 DOE**
Individually on his own behalf,
and on behalf of all others similarly situated,

**JANE CHILD3 DOE**
Individually on her own behalf,

**JANE CHILD4 DOE**
Individually on her own behalf,

**JOHN CHILD5 DOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM ADOE**
By Jane Spouse ADoe, Administrator,
and on behalf of all others similarly situated

**JANE SPOUSE ADOE**
Individually on his own behalf,

**JANE SIBLING1 ADOE**
Individually on her own behalf,

**JANE SIBLING2 ADOE**
Individually on her own behalf,

**JOHN CHILD1 ADOE**
Individually on his own behalf,

**JANE CHILD2 ADOE**

**CLASS ACTION**

**COMPLAINT FOR COMPENSATORY
AND PUNITIVE DAMAGES PURSUANT
TO THE FOREIGN SOVEREIGN
IMMUNITIES ACT, AS AMENDED, 28
U.S.C. § 1605A**

**Civil Action No. _____**

Individually on her own behalf,

**ESTATE OF JOHN VICTIM BDOE**
By John Child2 BDoe, Administrator

**JANE SPOUSE BDOE**
Individually on her own behalf,

**JOHN CHILD1 BDOE**
Individually on his own behalf,

**JOHN CHILD2 BDOE**
Individually on his own behalf,

**JANE CHILD3 BDOE**
Individually on her own behalf,

**JANE CHILD4 BDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM CDOE**
By Jane Parent1 CDoe, Administrator,

**JANE PARENT1 CDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM DDOE**
By Jane Spouse DDoe, Administrator,

**JANE SPOUSE DDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM EDOE**
By Jane Spouse EDoe, Administrator,

**JANE SPOUSE EDOE**
Individually on her own behalf,

**JANE CHILD1 EDOE**
Individually on her own behalf,

**JOHN SIBLING1 EDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM FDOE**
By John Child1 FDoe, Administrator,

**JANE SPOUSE FDOE**
Individually on her own behalf,

**JOHN PARENT1 FDOE**
Individually on his own behalf,

**JOHN CHILD1 FDOE**
Individually on his own behalf,

**JANE CHILD2 FDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM GDOE**
By John Child1 GDoe, Administrator,

**ESTATE OF JANE SPOUSE GDOE**
By John Child1 GDoe, Administrator,

**JANE SIBLING1 GDOE**
Individually on her own behalf,

**JANE SIBLING2 GDOE**
Individually on her own behalf,

**JANE SIBLING3 GDOE**
Individually on her own behalf,

**ESTATE OF JANE PARENT1 GDOE**
By John Child1 GDoe, Administrator,

**JOHN CHILD1 GDOE**
Individually on his own behalf,

**JANE CHILD2 GDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM HDOE**
By Jane Spouse HDoe, Administrator,

**JANE SPOUSE HDOE**
Individually on her own behalf,

**JOHN CHILD1 HDOE**
Individually on his own behalf,

**JOHN CHILD2 HDOE**
Individually on her own behalf,

**ESTATE OF JANE VICTIM IDOE**
By Charles McCarron, Administrator,

**ESTATE OF JOHN SPOUSE IDOE**
By Charles McCarron, Administrator,

**ESTATE OF JOHN SIBLING1 IDOE**
By Charles McCarron, Administrator,

**JANE SIBLING2 IDOE**
Individually on her own behalf,

**JOHN CHILD1 IDOE**
Individually on his own behalf,

**JOHN CHILD2 IDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM JDOE**
By John Child1 Doe, Administrator,

**JANE SPOUSE JDOE**
Individually on her own behalf,

**JOHN SIBLING1 JDOE**
Individually on his own behalf,

**JOHN CHILD1 JDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM KDOE**
By Abdel Rahal, Administrator,

**JANE SPOUSE KDOE**
Individually on her own behalf,

**ESTATE OF JANE PARENT1 KDOE**
By John Child2 KDoe, Administrator,

**ESTATE OF JOHN CHILD1 KDOE**
By John Child2 KDoe, Administrator,

**JOHN CHILD2 KDOE**
Individually on his own behalf,

**JOHN CHILD3 KDOE**
Individually on his own behalf,

**ESTATE OF JANE VICTIM LDOE**
By John Sibling1 LDoe, Administrator,

**JOHN SIBLING1 LDOE**
Individually on her own behalf,

**JOHN SIBLING2 LDOE**
Individually on her own behalf,

**JANE SIBLING3 LDOE**
Individually on her own behalf,

**JANE PARENT1 LDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM MDOE**
By John Sibling1 MDoe, Administrator,

**JOHN SIBLING1 MDOE**
Individually on his behalf,

**ESTATE OF JANE PARENT MDOE**
By John Sibling1 MDoe, Administrator,

**ESTATE OF JANE VICTIM NDOE**
By John Sibling3 NDoe, Administrator,

**JOHN SIBLING1 NDOE**
Individually on his own behalf,

**JOHN SIBLING2 NDOE**
Individually on his own behalf,

**JOHN SIBLING3 NDOE**
Individually on his own behalf,

**JOHN SIBLING4 NDOE**
Individually on her own behalf,

**JOHN SIBLING5 NDOE**

Individually on her own behalf,

**JOHN SIBLING6 NDOE**
Individually on her own behalf,

**JOHN SIBLING7 NDOE**
Individually on her own behalf,

**ESTATE OF JOHN PARENT1 NDOE**
By John Sibling2 NDoe, Administrator,

**JANE PARENT2 NDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM ODOE**
By Jane Parent1 ODoe, Administrator,

**JANE PARENT1 ODOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM PDOE**
By John Child4 PDoe, Administrator,

**JANE SPOUSE PDOE**
Individually on her own behalf,

**JOHN CHILD1 PDOE**
Individually on his own behalf,

**JOHN CHILD2 PDOE**
Individually on his own behalf,

**ESTATE OF JOHN SIBLING1 PDOE**
By John Child4 PDoe, Administrator,

**JOHN CHILD3 PDOE**
Individually on his own behalf,

**JOHN CHILD4 PDOE**
Individually on his own behalf,

**JOHN CHILD5 PDOE**
Individually on his own behalf,

**JOHN VICTIM QDOE**
Individually on his own behalf,

and on behalf of all others similarly situated,

**JANE SPOUSE QDOE**
Individually on her own behalf,
and on behalf of all others similarly situated

**ESTATE OF JOHN PARENT1 QDOE**
By John Victim QDoe, Administrator,

**ESTATE OF JANE PARENT2 QDOE**
By John Victim QDoe, Administrator,

**JOHN CHILD1 QDOE**
Individually on his own behalf,

**JANE CHILD2 QDOE**
Individually on her own behalf,

**JANE VICTIM RDOE**
Individually on her own behalf,

**JOHN SIBLING1 RDOE**
Individually on his own behalf,

**ESTATE OF JANE PARENT1 RDOE**
By Jane Victim RDoe, Administrator,

**JANE VICTIM SDOE**
Individually on her own behalf,

**JOHN SPOUSE SDOE**
Individually on his own behalf,

**JOHN CHILD1 SDOE**
Individually on his own behalf,

**JOHN CHILD2 SDOE**
Individually on his own behalf,

**JOHN CHILD3 SDOE**
Individually on his own behalf,

**JOHN VICTIM TDOE**
Individually on his own behalf,

**JANE SPOUSE TDOE**

Individually on her own behalf,

**JOHN CHILD1 TDOE**
Individually on his own behalf,

**JANE CHILD2 TDOE**
Individually on her own behalf,

**JANE CHILD3 TDOE**
Individually on her own behalf,

**JANE VICTIM WDOE**
Individually on her own behalf,

**JOHN SPOUSE WDOE**
Individually on his own behalf,

**ESTATE OF JANE PARENT1 WDOE**
By Jane Victim WDoe, Administrator,

**JOHN CHILD1 WDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM YDOE**
By Jane Child1 YDoe, Administrator,

**JANE CHILD1 YDOE**
Individually on her own behalf,

**JANE CHILD2 YDOE**
Individually on her own behalf,

**JOHN VICTIM ZDOE**
Individually on his own behalf,

**JOHN VICTIM AADOE**
Individually on his own behalf,

**JANE SPOUSE AADOE**
Individually on her own behalf,

**JANE SIBLING1 AADOE**
Individually on his own behalf,

**JOHN CHILD1 AADOE**
Individually on his own behalf,

**JOHN CHILD2 AADOE**
Individually on his own behalf,

**JOHN CHILD3 AADOE**
Individually on her own behalf,

**JANE CHILD4 AADOE**
Individually on her own behalf,

**JOHN VICTIM BBDOE**
Individually on her own behalf,

**JOHN SPOUSE BBDOE**
Individually on his own behalf,

**JOHN CHILD1 BBDOE**
Individually on his own behalf,

**JANE VICTIM DDDOE**
Individually on her own behalf,

**JOHN SIBLING DDDOE**
Individually on his behalf,

**ESTATE OF JOHN VICTIM EEDOE**
By John Sibling1 EEDoe, Administrator,
and on behalf of all others similarly situated

**JOHN SIBLING1 EEDOE**
Individually on his own behalf,
and on behalf of all others similarly situated

**JANE SIBLING2 EEDOE**
Individually on her own behalf,

**JANE SIBLING3 EEDOE**
Individually on his own behalf,

**JOHN PARENT1 EEDOE**
Individually on his own behalf,

**JANE PARENT2 EEDO**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM FFDOE**

By John Child1 FFDoe, Administrator

**JANE SPOUSE FFDOE**
Individually on her own behalf,

**JOHN SIBLING1 FFDOE**
Individually on his own behalf,

**JOHN SIBLING2 FFDOE**
Individually on his own behalf,

**JOHN SIBLING3 FFDOE**
Individually on his own behalf,

**JANE SIBLING4 FFDOE**
Individually on her own behalf,

**JANE SIBLING5 FFDOE**
Individually on her own behalf,

**JANE SIBLING6 FFDOE**
Individually on her own behalf,

**JANE PARENT1 FFDOE**
Individually on her own behalf,

**JOHN CHILD1 FFDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM GGDOE**
By Jane Spouse GGDoe, Administrator,

**JANE SPOUSE GGDOE**
Individually on her own behalf,

**JANE SIBLING1 GGDOE**
Individually on her own behalf,

**JANE SIBLING2 GGDOE**
Individually on her own behalf,

**JANE PARENT1 GGDOE**
Individually on her own behalf,

**JOHN CHILD1 GGDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM HHDOE**
By Jane Spouse HHDoe, Administrator,

**JANE SPOUSE HHDOE**
Individually on her own behalf,

**JANE SIBLING1 HHDOE**
Individually on her own behalf,

**JANE SIBLING2 HHDOE**
Individually on her own behalf,

**JANE SIBLING3 HHDOE**
Individually on her own behalf,

**JOHN CHILD1 HHDOE**
Individually on his own behalf,

**ESTATE OF JOHN VICTIM IIDOE**
By Jane Spouse IIDoe, Administrator,

**JANE SPOUSE IIDOE**
Individually on her own behalf,

**ESTATE OF JOHN VICTIM JJDOE**
By Jane Child1 JJDoe, Administrator,

**JANE SPOUSE JJDOE**
Individually on her own behalf,

**JOHN SIBLING1 JJDOE**
Individually on his own behalf,

**JANE SIBLING2 JJDOE**
Individually on her behalf,

**JANE SIBLING 3 JJDOE**
Individually on her behalf,

**JANE SIBLING JJDOE**
Individually on her behalf,

**JANE SIBLING5 JJDOE**
Individually on her behalf,

**JANE CHILD1 JJDOE**
Individually on his behalf,

**JANE CHILD2 JJDOE**
Individually on his behalf,

**JANE CHILD3 JJDOE**
Individually on her behalf,

**JOHN VICTIM KKDOE**
Individually on his behalf,

**JANE SPOUSE KKDOE**
Individually on her behalf,

**JANE PARENT1 KKDOE**
Individually on her own behalf,

**JANE CHILD 1 KKDOE**
Individually on her behalf,

**JANE CHILD2 KKDOE**
Individually on her behalf,

**JANE CHILD3 KKDOE**
Individually on her behalf,

**JOHN VICTIM LLDOE**
Individually on her own behalf,

**JANE SIBLING 1 LLDOE**
Individually on her own behalf,

**JOHN SIBLING2 LLDOE**
Individually on her behalf,

**JANE VICTIM MMDOE**
Individually on her behalf,

**JOHN VICTIM NNDOE**
Individually on her behalf,

**JANE SPOUSE NNDOE**
Individually on his behalf,

**JOHN CHILD1 NNDOE**

Individually on his behalf,

**JANE CHILD2 NNDOE**
Individually on her behalf,

**JANE CHILD3 NNDOE**
Individually on her behalf,

**JANE CHILD4 NNDOE**
Individually on her behalf,

**JOHN VICTIM OODOE**
Individually on his behalf,

**JANE SPOUSE OODOE**
Individually on his behalf,

**JOHN CHILD1 OODOE**
Individually on his behalf,

**JOHN CHILD2 OODOE**
Individually on his behalf,

**JANE CHILD3 OODOE**
Individually on her behalf,

**JANE CHILD4 OODOE**
Individually on her behalf,

**JOHN VICTIM PPDOE**
Individually on his behalf,

**JOHN CHILD1 PPDOE**
Individually on his behalf,

**JOHN SIBLING1 PPDOE**
Individually on his own behalf,

**JOHN SIBLING2 PPDOE**
Individually on his own behalf,

**JOHN SIBLING3 PPDOE**
Individually on his own behalf,

**JOHN VICTIM QQDOE**
Individually on his own behalf,

**JANE SIBLING1 QQDOE**
Individually on her own behalf,

**JANE SIBLING2 QQDOE**
Individually on her own behalf,

**JOHN PARENT1 QQDOE**
Individually on his own behalf,

**ESTATE OF JANE PARENT2 QQDO**
By John Victim QQDoe, Administrator,

**JANE VICTIM RRDOE**
Individually on her own behalf,

**ESTATE OF JANE SIBLING RRDOE**
By John Child1 RRDoe, Administrator,

**JOHN CHILD1 RRDOE**
Individually on his own behalf,

**JOHN CHILD1 RRDOE**
Individually on her own behalf,

**JANE VICTIM SSDOE**
Individually on her own behalf,

**JANE SIBLING1 SSDOE**
Individually on her own behalf,

**JANE CHILD1 SSDOE**
Individually on her own behalf,

**JOHN VICTIM TTDOE**
Individually on his own behalf,

**JANE SPOUSE TTDOE**
Individually on her own behalf,

**JOHN CHILD2 TTDOE**
Individually on his own behalf,

**JANE CHILD2 TTDOE**
Individually on her own behalf,

**JANE CHILD3 TTDOE**
Individually on his own behalf,

**ESTATE OF JANE PARENT1 TTDOE**
By John Victim TTDoe, Administrator,

**ESTATE OF JOHN PARENT2 TTDOE**
By John Victim TTDoe, Administrator,

**JOHN VICTIM UUDOE**
Individually on his own behalf,

**JOHN SIBLING1 UUDOE**
Individually on his own behalf,

**JOHN SIBLING2 UUDOE**
Individually on his own behalf,

**JOHN SIBLING3 UUDOE**
Individually on his own behalf,

**JOHN SIBLING4 UUDOE**
Individually on his own behalf,

**ESTATE OF JOHN SIBLING5 UUDOE**
By John Victim UUDoe, Administrator,

**JANE SIBLING UUDOE**
Individually on her own behalf,

**ESTATE OF JANE PARENT1 UUDOE**
By John Victim UUDoe, Administrator,

**JOHN VICTIM WWDOE**
Individually on his own behalf,

**JANE SPOUSE WWDOE**
Individually on her own behalf,

**JOHN SIBLING1 WWDOE**
Individually on his own behalf,

**JOHN SIBLING2 WWDOE**
Individually on his own behalf,

**JANE SIBLING3 WWDOE**

Individually on her own behalf,

**JANE CHILD1 WWDOE**
Individually on her own behalf,

**JANE CHILD2 WWDOE**
Individually on her own behalf,

**JOHN VICTIM XXDOE**
Individually on his own behalf,

**JOHN SIBLING1 XXDOE**
Individually on his own behalf,

**JOHN SIBLING2 XXDOE**
Individually on his own behalf,

**JOHN SIBLING3 XXDOE**
Individually on his own behalf,

**JOHN PARENT1 XXDOE**
Individually on his own behalf,

**JANE PARENT2 XXDOE**
Individually on her own behalf,

**JOHN VICTIM UDOE**
Individually on his own behalf,

**ESTATE OF JANE SPOUSE UDOE**
By John Victim UDoe, Administrator,

**JOHN SIBLING1 UDOE**
Individually on his own behalf,

**JANE SIBLING2 UDOE**
Individually on her own behalf,

**JANE SIBLING3 UDOE**
Individually on her own behalf,

**JANE CHILD2 UDOE**
Individually on her own behalf,

**JANE CHILD3 UDOE**
Individually on her own behalf,

**JOHN CHILD1 UDOE**
Individually on her own behalf,

**JOHN VICTIM XDOE**
Individually on his own behalf,

**JANE SPOUSE XDOE**
Individually on his own behalf,

**JOHN CHILD1 XDOE**
Individually on his own behalf,

**JANE CHILD2 XDOE**
Individually on her own behalf,

**JANE VICTIM VDOE**
Individually on her own behalf,

**JOHN SIBLING1 VDOE**
Individually on his own behalf

**JANE VICTIM CCDOE**
Individually on her own behalf,


C/o Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004


           Plaintiffs,

    v.

**ISLAMIC REPUBLIC OF IRAN,**
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran,

And

**IRANIAN MINISTRY OF**



**INFORMATION AND SECURITY,**
Pasdaran Avenue
Golestan Yekon
Tehran, Iran,

                    Defendants.

Plaintiffs, individually and as representatives of a class of similarly situated individuals, by and through counsel, bring this action seeking damages arising out of the terrorist attacks against the United States Embassy in Beirut, Lebanon on April 18, 1983 and September 20, 1984. Plaintiffs are foreign nationals who were employed by the United States Government at the time of attacks who suffered injuries or death as a result of the attacks on the U.S. Embassy in Beirut, and their immediate family members.

Pursuant to section 1083(c)(3) of National Defense Authorization Act for Fiscal Year 2008, Pub. L. 100-181 (2008) ("NDAA 2008 Act"), this case may be filed as a related action to *Dammarell v. Islamic Republic of Iran*, C.A. No. 01-2224-JDB, 2006 WL 2583043 (D.D.C. Sept. 7, 2006) (Bates, J.), and *Wagner v. Islamic Republic of Iran*, 172 F. Supp.2d 128, 133 (D.D.C. 2001) (Jackson, J.), because it arises out of the same acts and/or incidents as those cases. In *Dammarell v. Islamic Republic of Iran,* this Court found the Defendants in this action, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, liable for the April 18, 1983 terrorist attack on the U.S. Embassy in Beirut, and awarded judgment in favor of Plaintiffs, U.S. citizens killed or injured in that attack and their immediate family members. In *Wagner v. Islamic Republic of Iran*, this Court found the same Defendants liable for the September 20, 1984 attack on the U.S. Embassy Annex in Beirut, and similarly awarded judgment.

Plaintiffs here seek judgment against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, and in support of their Complaint allege as follows:

## I.

## JURISDICTION AND VENUE

1.    Jurisdiction over the subject matter of this case arises under 28 U.S.C. § 1330(a). Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS) are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act ("FSIA"), as amended by Pub. L. 110-181, § 1083 (2008), 28 U.S.C. § 1605A, and related statutes.

2.    This case arises out of the same facts as, and is related to, *Dammarell v. Islamic Republic of Iran*, C.A. No. 01-2224-JDB, 2006 WL 2583043 (D.D.C. Sept. 7, 2006) (Bates, J.), and *Wagner v. Islamic Republic of Iran*, Civil Action No. 00-1799-TPJ, 172 F. Supp.2d 128, 133 (D.D.C. 2001) (Jackson, J.), both of which were timely commenced in this Court under 28 U.S.C. § 1605(a)(7), the predecessor provision to 28 U.S.C. § 1605A. This action is brought pursuant to, and within 60 days of enactment of, the January 2008 amendments to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, set out in the NDAA 2008 Act, Pub. L. 100-181, § 1083 (2008), to be codified at 28 U.S.C. §§ 1605A, 1610.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## II.

## THE PARTIES

4.    John Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Doe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the Torture Victim's Protection Act ("TVPA"), 28 U.S.C. § 1350, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Doe was acting within the scope of his employment at the Embassy. The

Estate of John Doe is represented by John Child1 Doe, as Estate Representative, for purposes of this lawsuit.

5.      Plaintiff John Child1 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

6.      Plaintiff Jane Parent1 Doe, now deceased, was the mother of John Doe, who died as a result of the 1983 Beirut Embassy bombing. Mrs. Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 Doe is represented by John Child1 Doe, as Estate Representative, for purposes of this lawsuit.

7.      Plaintiff Jane Spouse Doe, now deceased, was the widow of John Doe, who died as a result of the 1983 Beirut Embassy bombing. Mrs. Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Spouse Doe is represented by John Child1 Doe, as Estate Representative, for purposes of this lawsuit.

8.      Plaintiff John Child2 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing. John Child2 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

9.      Plaintiff Jane Child3 Doe is the daughter of John Doe, who died as a result of the 1983 Beirut Embassy bombing. Ms. Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

10.     Plaintiff Jane Child4 Doe is the daughter of John Doe, who died as a result of the 1983 Beirut Embassy bombing. Ms. Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

11.    Plaintiff John Child5 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing. Mr. Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

12.    John Victim ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim ADoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. John Victim ADoe was acting within the scope of his employment at the Embassy. The Estate of John Victim ADoe is represented by Jane Spouse ADoe, Estate Representative, for purposes of this lawsuit.

13.    Plaintiff Jane Spouse ADoe is the widow of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

14.    Plaintiff Jane Sibling1 ADoe is the sister of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling1 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

15.    Plaintiff Jane Sibling2 ADoe is the sister of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling2 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

16.    Plaintiff John Child1 ADoeis the son of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

17.     Plaintiff Jane Child2 ADoe is the daughter of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Child2 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

18.     John Victim BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim BDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim BDoe was acting within the scope of his employment at the Embassy.  The Estate of John Victim BDoe is represented by John Child2 BDoe, as Estate Representative, for purposes of this lawsuit.

19.     Plaintiff Jane Spouse BDoe is the widow of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

20.     Plaintiff John Child1 BDoe is the son of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

21.     Plaintiff John Child2 BDoe is the son of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child2 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

22.     Plaintiff Jane Child3 BDoe is the daughter of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Child3 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

23. Plaintiff Jane Child4 BDoe is the daughter of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Child4 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

24. John Victim CDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim CDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim CDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim CDoe is represented by Jane Parent1 CDoe, as Estate Representative, for purposes of this lawsuit.

25. Plaintiff Jane Parent1 CDoe is the mother of John Victim CDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 CDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

26. John Victim DDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim DDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. DDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim DDoe is represented by Jane Spouse DDoe, as Estate Representative, for purposes of this lawsuit.

27. Plaintiff Jane Spouse DDoe is the widow of John Victim DDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse DDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

28.    John Victim EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim EDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim EDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim EDoe is represented by Jane Spouse EDoe, as Estate Representative, for purposes of this lawsuit.

29.    Plaintiff Jane Spouse EDoe is the widow of John Victim DDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

30.    Plaintiff Jane Child1 EDoe is the daughter of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Child1 EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

31.    Plaintiff John Sibling1 EDoe is the brother of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

32.    John Victim FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim FDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim FDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim FDoe is represented by John Child1 FDoe, as Estate Representative, for purposes of this lawsuit.

33.     Plaintiff Jane Spouse FDoe is the widow of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

34.     Plaintiff John Parent1 FDoe is the father of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing. John Parent1 FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

35.     Plaintiff John Child1 FDoe is the son of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

36.     Plaintiff Jane Child2 FDoe is the daughter of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Child2 FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

37.     John Victim GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Victim GDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim GDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim GDoe is represented by John Child1 GDoe, as Estate Representative, for purposes of this lawsuit.

38.     Plaintiff Jane Spouse GDoe, now deceased, was the widow of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Spouse

GDoe is represented by John Child1 GDoe, as Estate Representative, for purposes of this lawsuit.

39.     Plaintiff Jane Sibling1 GDoe is the sister of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling1 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Illinois.

40.     Plaintiff Jane Sibling2 GDoe is the sister of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Florida.

41.     Plaintiff Jane Sibling3 GDoe is the sister of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling3 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

42.     Plaintiff Jane Parent1 GDoe, now deceased, was the mother of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 GDoe is represented by John Child1 GDoe, as Estate Representative for purposes of this lawsuit.

43.     Plaintiff John Child1 GDoe, currently domiciled in Mt. Prospect, Illinois, is the son of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

44.     Plaintiff Jane Child2 GDoe, currently domiciled in Takoma Park, Maryland, is the daughter of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane

Child2 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in
Lebanon.

45.     John Victim HDoe was, at the time of the acts alleged herein, a Lebanese citizen

domiciled in Lebanon and employed by the United States Government at the United States

Embassy in Beirut.  Mr. Victim HDoe was killed by an act of "extrajudicial killing," as defined

in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in

connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Victim HDoe

was acting within the scope of his employment at the Embassy.  The Estate of John Victim HDoe

is represented by Jane Spouse HDoe, as Estate Representative, for purposes of this lawsuit.

46.     Plaintiff Jane Spouse HDoe is the widow of John Victim HDoe, who died as a

result of the 1983 Beirut Embassy bombing. Jane Spouse HDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

47.     Plaintiff John Child1 HDoe is the son of John Victim HDoe, who died as a result

of the 1983 Beirut Embassy bombing. John Child1 HDoe was, at the time of the acts alleged

herein, a Lebanese citizen domiciled in Lebanon.

48.     Plaintiff John Child2 HDoe is the daughter of John Victim HDoe, who died as a

result of the 1983 Beirut Embassy bombing. John Child2 HDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

49.     Jane Victim IDoe was, at the time of the acts alleged herein, a Lebanese citizen

domiciled in Lebanon and employed by the United States Government at the United States

Embassy in Beirut. Jane Victim IDoe was killed by an act of "extrajudicial killing," as defined in

28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection

with the 1983 Beirut Embassy bombing. At the time she was killed, Jane Victim IDoe was acting

within the scope of her employment at the Embassy. The Estate of Jane Victim IDoe is represented by John Child1 IDoe, as Estate Representative, for purposes of this lawsuit.

50.    Plaintiff John Spouse IDoe, now deceased, was the widower of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing. John Spouse IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Spouse IDoe is represented by John Child1 IDoe, as Estate Representative, for purposes of this lawsuit.

51.    Plaintiff John Sibling1 IDoe, now deceased, was the brother of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Sibling1 IDoe is represented by John Child1 IDoe, as Estate Representative, for purposes of this lawsuit.

52.    Plaintiff Jane Sibling2 IDoe is the sister of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling2 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

53.    Plaintiff John Child1 IDoe is the son of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

54.    Plaintiff John Child2 IDoe is the son of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child2 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

55.    John Victim JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim JDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection



with the 1983 Beirut Embassy bombing. At the time he was killed, John Victim JDoe was acting

within the scope of his employment at the Embassy. The Estate of John Victim JDoe is

represented by John Child1 Doe, as Estate Representative, for purposes of this lawsuit.

56.    Plaintiff Jane Spouse JDoe is the widow of John Victim JDoe, who died as a

result of the 1983 Beirut Embassy bombing. Jane Spouse JDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

57.    Plaintiff John Sibling1 JDoe is the brother of John Victim JDoe, who died as a

result of the 1983 Beirut Embassy bombing. John Sibling1 JDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

58.    Plaintiff John Child1 Doe is the son of John Victim JDoe, who died as a result of

the 1983 Beirut Embassy bombing. John Child1 Doe was, at the time of the acts alleged herein, a

Lebanese citizen domiciled in Lebanon.

59.    John Victim KDoe was, at the time of the acts alleged herein, a Lebanese citizen

domiciled in Lebanon and employed by the United States Government at the United States

Embassy in Beirut. John Victim KDoe was killed by an act of "extrajudicial killing," as defined

in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in

connection with the 1983 Beirut Embassy bombing. At the time he was killed, John Victim

KDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim

KDoe is represented by John Child3 KDoe, as Estate Representatives, for purposes of this

lawsuit.

60.    Plaintiff Jane Spouse KDoe is the widow of John Victim KDoe, who died as a

result of the 1983 Beirut Embassy bombing. Jane Spouse KDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

61.     Plaintiff Jane Parent1 KDoe, now deceased, was the mother of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 KDoe is represented by John Child2 KDoe, as Estate Representative, for purposes of this lawsuit.

62.     Plaintiff John Child1 KDoe, now deceased, was the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Child1 KDoe is represented by John Child2 KDoe, as Estate Representative, for purposes of this lawsuit.

63.     Plaintiff John Child2 KDoe is the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child2 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

64.     Plaintiff John Child3 KDoe is the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child3 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

65.     Jane Victim LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim LDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time she was killed, Jane Victim LDoe was acting within the scope of her employment at the Embassy. The Estate of Jane Victim

- 13 -

LDoe is represented by John Sibling1 LDoe, as Estate Representative, for purposes of this lawsuit.

66.    Plaintiff John Sibling1 LDoe is the brother of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

67.    Plaintiff John Sibling2 LDoe is the sister of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling2 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

68.    Plaintiff Jane Sibling3 LDoe is the sister of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Sibling3 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

69.    Plaintiff Jane Parent1 LDoe is the mother of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 LDoe was, at the time of the acts alleged herein, a Lebanese citizen Lebanese citizen domiciled in Lebanon.

70.    John Victim MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim MDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, John Victim MDoe was acting within the scope of his employment at the Embassy.  The Estate of John Victim MDoe is represented by John Sibling1 MDoe, as Estate Representative, for purposes of this lawsuit.

71.    Plaintiff John Sibling1 MDoe is the brother of John Victim MDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

72.    Plaintiff Jane Parent1 MDoe, now deceased, was the mother of John Victim MDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 MDoe is represented by John Sibling1 MDoe, as Estate Representative, for purposes of this lawsuit.

73.    Jane Victim NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government. Jane Victim NDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time she was killed, Jane Victim NDoe was acting within the scope of her employment at the United States Embassy in Beirut.  The Estate of Jane Victim NDoe is represented by John Sibling2 NDoe as Estate Representative, for purposes of this lawsuit.

74.    Plaintiff John Sibling1 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in California.

75.    Plaintiff John Sibling2 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling2 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

76.    Plaintiff John Sibling3 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling3 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

77.    Plaintiff John Sibling4 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling4 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

78.    Plaintiff John Sibling5 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling5 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

79.    Plaintiff John Sibling6 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling6 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

80.    Plaintiff John Sibling7 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling7 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

81.    Plaintiff John Parent1 NDoe, now deceased, was the father of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. John Parent1 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Parent1 NDoe is represented by John Sibling2 NDoe, as Estate Representative, for purposes of this lawsuit.

82.    Plaintiff Jane Parent2 NDoe is the mother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent2 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

83.    John Victim ODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim ODoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, John Victim ODoe was acting within the scope of his employment at the Embassy. The Estate of John Victim ODoe is represented by Jane Parent1 ODoe, as Estate Representative, for purposes of this lawsuit.

84.    Plaintiff Jane Parent1 ODoe is the mother of John Victim ODoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Parent1 ODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

85.    John Victim PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim PDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, John Victim PDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim PDoe is represented by Jane Spouse PDoe, as Estate Representative, for purposes of this lawsuit.

86.    Plaintiff Jane Spouse PDoe is the widow of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. Jane Spouse PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

87.    Plaintiff John Child1 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

88.    Plaintiff John Child2 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child2 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

89.    Plaintiff John Child3 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child3 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

90.    Plaintiff John Child4 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child4 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

91.    Plaintiff John Child5 PDoe is the daughter of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child5 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

92.    Plaintiff John Sibling1 PDoe, now deceased, was the brother of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing. John Sibling1 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Sibling1 PDoe is represented by John Child4 PDoe, as Estate Representative, for purposes of this lawsuit.

93.    Plaintiff John Victim QDoe was at the time of the 1983 Beirut Embassy bombing a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim QDoe was injured by an act of "extrajudicial

killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim QDoe was acting within the scope of his employment at the Embassy.

94.     Plaintiff Jane Spouse QDoe is the wife of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

95.     Plaintiff John Parent1 QDoe, now deceased, is the father of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Parent1 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Parent1 QDoe is represented by John Victim QDoe, as Estate Representative, for purposes of this law suit.

96.     Jane Parent2 QDoe, now deceased, is the mother of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Parent2 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent2 QDoe is represented by John Victim QDoe, as Estate Representative, for purposes of this law suit.

97.     Plaintiff John Child1 QDoe is the son of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

98.     Plaintiff Jane Child2 QDoe is the daughter of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child2 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

99.    Plaintiff Jane Victim RDoe was at the time of the 1983 Beirut Embassy bombing a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim RDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim RDoe was acting within the scope of her employment at the Embassy.

100.    Plaintiff John Sibling1 RDoe is the brother of Jane Victim RDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Sibling1 RDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

101.    Plaintiff Jane Parent1 RDoe, now deceased, was the mother of Jane Victim RDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Victim RDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Victim RDoe is represented by Jane Victim RDoe, as Estate Representative, for purposes of this lawsuit.

102.    Plaintiff Jane Victim SDoe was at the time of the 1983 Beirut Embassy bombing a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim SDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim SDoe was acting within the scope of her employment at the Embassy.

103.    Plaintiff John Spouse SDoe is the husband of Jane Victim SDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Spouse SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

104.    Plaintiff John Child1 SDoe is the son of Jane Victim SDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

105.    Plaintiff John Child2 SDoe is the son of Jane Victim SDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child2 SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

106.    Plaintiff John Child3 SDoe is the son of Jane Victim SDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child3 SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

107.    Plaintiff John Victim TDoe was at the time of the 1983 Beirut Embassy bombing a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim TDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim TDoe was acting within the scope of his employment at the Embassy.

108.    Plaintiff Jane Spouse TDoe is the wife of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

109.    Plaintiff John Child1 TDoe is the son of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

110.    Plaintiff Jane Child2 TDoe is the daughter of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child2 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

111.    Plaintiff Jane Child3 TDoe is the daughter of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child3 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

112.    Plaintiff John Victim UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim UDoe was injured by an act of "extrajudicial killing," as defined in U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim UDoe was acting within the scope of his employment at the Embassy.

113.    Plaintiff Jane Spouse UDoe, now deceased, was the wife of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Spouse UDoe is represented by John Victim UDoe, as Estate Representative, for purposes of this lawsuit.

114.    Plaintiff John Sibling1 UDoe is the brother of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Sibling1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

115.    Plaintiff Jane Sibling2 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Sibling2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

116.    Plaintiff Jane Sibling3 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Sibling3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

117.    Plaintiff John Child1 UDoe is the son of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

118.    Plaintiff Jane Child2 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

119.    Plaintiff Jane Child3 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

120.    Plaintiff Jane Victim VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim VDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim VDoe was acting within the scope of her employment at the Embassy.

121.    Plaintiff John Sibling1 VDoe is the brother of Jane Victim VDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Sibling1VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

122.    Plaintiff Jane Victim WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United

States Embassy in Beirut. Jane Victim WDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim WDoe was acting within the scope of her employment at the Embassy.

123.    Plaintiff John Spouse WDoe is the husband of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Spouse WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

124.    Plaintiff Jane Parent1 WDoe, now deceased, was the mother of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Parent1 WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 WDoe is represented by Jane Victim WDoe, as Estate Representative, for purposes of this lawsuit.

125.    Plaintiff John Child1 WDoe is the son of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

126.    Plaintiff John Victim XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim XDoe was injured by an act of "extrajudicial killing," as defined in U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim XDoe was acting within the scope of his employment at the Embassy.

127.    Plaintiff Jane Spouse XDoe is the widow of John Victim XDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

128.    Plaintiff John Child1 XDoe is the son of John Victim XDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

129.    Plaintiff Jane Child2 XDoe is the daughter of John Victim XDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child2 XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

130.    Plaintiff John Victim YDoe, now deceased, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim YDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim YDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim YDoe is represented by Jane Child1 YDoe, as Estate Representative, for purposes of this lawsuit.

131.    Plaintiff Jane Child1 YDoe is the daughter of John Victim YDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child1 YDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

132.    Plaintiff Jane Child2 YDoe is the daughter of John Victim YDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child2 YDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

133.    Plaintiff Jane Child1 YDoe was, at the time of the acts alleged herein, a Lebanese

citizen domiciled in Lebanon and employed by the United States Government at the United

States Embassy in Beirut. Jane Child1 YDoe was injured by an act of "extrajudicial killing," as

defined in 28 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA,

in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane

Child1 YDoe was acting within the scope of her employment at the Embassy.

134.    Plaintiff Jane Child2 YDoe is the sister of Jane Child1 YDoe, who was injured as

a result of the 1983 Beirut Embassy bombing. Jane Child2 YDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.

135.    Plaintiff John Victim YDoe, now deceased, was the father of Jane Child1 YDoe,

who was injured as a result of the 1983 Beirut Embassy bombing. John Victim YDoe was, at the

time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the

United States Government at the United States Embassy in Beirut. The Estate John John Victim

YDoe is represented by Jane Child1 YDoe, as Estate Representative, for purposes of this lawsuit.

136.    Plaintiff John Victim ZDoe was, at the time of the acts alleged herein, a Lebanese

citizen domiciled in Lebanon and employed by the United States Embassy in Beirut. John Victim

ZDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§1605(a)(7) and

1605(e)(1), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut

Embassy bombing.

137.    Plaintiff John Victim AADoe was, at the time of the acts alleged herein, a

Lebanese citizen domiciled in Lebanon and employed by the United States Government at the

United States Embassy in Beirut. John Victim AADoe was injured by an act of "extrajudicial

killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the

TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time he was injured, John Victim AADoe was acting within the scope of his employment at the Embassy.

138.    Plaintiff Jane Spouse AADoe is the wife of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

139.    Plaintiff Jane Sibling1 AADoe is the sister of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Sibling1 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

140.    Plaintiff John Child1 AADoe is the son of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

141.    Plaintiff John Child2 AADoe is the son of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child2 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

142.    Plaintiff John Child3 AADoe is the daughter of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child3 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

143.    Plaintiff Jane Child4 AADoe is the daughter of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Child4 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

144.    Plaintiff Jane Victim BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim BBDoe was injured by an act of "extrajudicial

killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim BBDoe was acting within the scope of her employment at the Embassy.

145.    Plaintiff John Spouse BBDoe is the husband of John Victim BBDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Spouse BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

146.    Plaintiff John Child1 BBDoe is the son of John Victim BBDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Child1 BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

147.    Plaintiff Jane Victim CCDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim CCDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim CCDoe was acting within the scope of her employment at the Embassy.

148.    Plaintiff Jane Victim DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim DDDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1983 Beirut Embassy bombing. At the time she was injured, Jane Victim DDDoe was acting within the scope of her employment at the Embassy.

149.    Plaintiff John Sibling DDDoe is the brother of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing. John Sibling DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon

150.    John Victim EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim EEDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. The Estate of John Victim EEDoe is represented by John Sibling1 EEDoe, as Estate Representative, for purposes of this lawsuit. At the time he was killed, John Victim EEDoe was acting within the scope of his employment at the Embassy.

151.    Plaintiff John Sibling1 EEDoe is the brother of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing. John Sibling1 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

152.    Plaintiff Jane Sibling2 EEDoe is the sister of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

153.    Plaintiff Jane Sibling3 EEDoe is the sister of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling3 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

154.    Plaintiff John Parent1 EEDoe is the father of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing. John Parent1 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

155.    Plaintiff Jane Parent2 EEDoe is the mother of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Parent2 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

156.    John Victim FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim FFDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. At the time he was killed, John Victim FFDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim FFDoe is represented by John Child1 FFDoe, as Estate Representative, for purposes of this lawsuit.

157.    Plaintiff Jane Spouse FFDoe is the widow of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Spouse FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

158.    Plaintiff John Sibling1 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. John Sibling1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

159.    Plaintiff John Sibling2 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. John Sibling2 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

160.    Plaintiff John Sibling3 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. John Sibling3 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

161.   Plaintiff Jane Sibling4 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling4 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

162.   Plaintiff Jane Sibling5 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling5 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

163.   Plaintiff Jane Sibling6 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling6 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

164.   Plaintiff Jane Parent1 FFDoe is the mother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Parent1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

165.   Plaintiff John Child1 FFDoe is the son of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing. John Child1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

166.   John Victim GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim GGDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. At the time he was killed, John Victim GGDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim GGDoe is represented by Jane Spouse GGDoe as, Estate Representative, for purposes of this lawsuit.

167.   Plaintiff Jane Spouse GGDoe is the widow of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Spouse GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

168.   Plaintiff Jane Sibling1 GGDoe is the sister of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling1 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

169.   Plaintiff Jane Sibling2 GGDoe is the sister of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

170.   Plaintiff Jane Parent1 GGDoe is the mother of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Parent1 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

171.   Plaintiff John Child1 GGDoe is the son of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing. John Child1 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

172.   John Victim HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim HHDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim HHDoe was acting within the scope of his employment at the Embassy.  The Estate of John Victim HHDoe is represented by Jane Spouse HHDoe, as Estate Representative, for purposes of this lawsuit.

173.    Plaintiff Jane Spouse HHDoe is the widow of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Spouse HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

174.    Plaintiff Jane Sibling1 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling1 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

175.    Plaintiff Jane Sibling2 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

176.    Plaintiff Jane Sibling3 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling3 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

177.    Plaintiff John Child1 HHDoe is the son of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing. John Child1 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

178.    John Victim IIDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim IIDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. At the time he was killed, John Victim IIDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim IIDoe is represented by Jane Spouse IIDoe, as Estate Representative, for purposes of this lawsuit.

179.   Plaintiff Jane Spouse IIDoe is the widow of John Victim IIDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Spouse IIDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

180.   John Victim JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim JJDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. At the time he was killed, John Victim JJDoe was acting within the scope of his employment at the Embassy. The Estate of John Victim JJDoe is represented by Jane Child1 JJDoe, as Estate Representative, for purposes of this lawsuit.

181.   Plaintiff Jane Spouse JJDoe is the widow of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Spouse JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

182.   Plaintiff John Sibling1 JJDoe is the brother of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. John Sibling1 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

183.   Plaintiff Jane Sibling2 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

184.   Plaintiff Jane Sibling 3 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling 3 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

185.    Plaintiff Jane Sibling4 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling4 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

186.    Plaintiff Jane Sibling5 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Sibling5 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

187.    Plaintiff Jane Child1 JJDoe is the son of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Child1 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

188.    Plaintiff Jane Child2 JJDoe is the son of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Child2 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

189.    Plaintiff Jane Child3 JJDoe is the daughter of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing. Jane Child3 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

190.    Plaintiff John Victim KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim KKDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time he was injured, John Victim KKDoe was acting within the scope of his employment at the Embassy.

191.    Plaintiff Jane Spouse KKDoe is the wife of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

192.    Plaintiff Jane Parent1 KKDoe, now deceased, is the mother of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent1 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 KKDoe is represented by John Victim KKDoe, as Estate Representative, for purposes of this lawsuit.

193.    Plaintiff Jane Child1 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child1 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

194.    Plaintiff Jane Child2 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

195.    Plaintiff Jane Child3 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child3 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

196.    Plaintiff John Victim LLDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim LLDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time he was injured, John Victim LLDoe was acting within the scope of him employment at the Embassy.

197.    Plaintiff Jane Sibling1 LLDoe is the sister of John Victim LLDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling1 LLDoe was, at the time of the acts alleged herein, a French citizen domiciled in Texas.

198.    Plaintiff John Sibling2 LLDoe is the brother of John Victim LLDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling2 LLDoe was, at the time of the acts alleged herein, a United States citizen domiciled in Texas.

199.    Plaintiff Jane Victim MMDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim MMDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time she was injured, Jane Victim MMDoe was acting within the scope of her employment at the Embassy.

200.    Plaintiff John Victim NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim NNDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim NNDoe was acting within the scope of his employment at the Embassy.

201.    Plaintiff Jane Spouse NNDoe is the wife of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

202.    Plaintiff John Child1 NNDoe is the son of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

203.    Plaintiff Jane Child2 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

204.    Plaintiff Jane Child3 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child3 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

205.    Plaintiff Jane Child4 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child4 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

206.    Plaintiff John Victim OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim OODoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim OODoe was acting within the scope of his employment at the Embassy.

207.    Plaintiff Jane Spouse OODoe is the wife of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

208.    Plaintiff John Child1 OODoe is the son of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

209.    Plaintiff John Child2 OODoe is the son of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child2 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

210.    Plaintiff Jane Child3 OODoe is the daughter of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child3 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

211.    Plaintiff Jane Child4 OODoe is the daughter of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child4 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

212.    Plaintiff John Victim PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim PPDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim PPDoe was acting within the scope of his employment at the Embassy.

213.    Plaintiff John Child1 PPDoe is the son of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

214.   Plaintiff John Sibling1 PPDoe is the brother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

215.   Plaintiff John Sibling2 PPDoe is the brother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling2 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

216.   Plaintiff John Sibling3 PPDoe is the brother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling3 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

217.   Plaintiff John Victim QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim QQDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time he was injured, John Victim QQDoe was acting within the scope of his employment at the Embassy.

218.   Plaintiff Jane Sibling1 QQDoe is the sister of John Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling1 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

219.   Plaintiff Jane Sibling2 QQDoe is the sister of John Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

220.    Plaintiff John Parent1 QQDoe is the father of John Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Parent1 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

221.    Plaintiff Jane Parent2 QQDoe, now deceased, is the mother of John Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent2 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent2 QQDoe is represented by John Victim QQDoe, as Estate Representative, for purposes of this lawsuit.

222.    Plaintiff Jane Victim RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim RRDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim RRDoe was acting within the scope of her employment at the Embassy.

223.    Plaintiff Jane Sibling RRDoe, now deceased, is the sister of Jane Victim RRDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Sibling RRDoe is represented by John Child1 RRDoe, as Estate Representative, for purposes of this lawsuit.

224.    Plaintiff John Child1 RRDoe is the son of Jane Victim RRDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

225.    Plaintiff Jane Child2 RRDoe is the daughter of Jane Victim RRDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

226.    Plaintiff Jane Victim SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim SSDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time she was injured, Jane Victim SSDoe was acting within the scope of her employment at the Embassy.

227.    Plaintiff Jane Sibling1 SSDoe is the sister of Jane Victim SSDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling1 SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

228.    Plaintiff Jane Child1 SSDoe is the mother of Jane Victim SSDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child1 SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

229.    Plaintiff John Victim TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim TTDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim TTDoe was acting within the scope of his employment at the Embassy.

230.   Plaintiff Jane Spouse TTDoe is the wife of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

231.   Plaintiff John Child1 TTDoe is the son of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

232.   Plaintiff Jane Child2 TTDoe is the daughter of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

233.   Plaintiff Jane Child3 TTDoe is the daughter of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child3 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

234.   Plaintiff Jane Parent1 TTDoe, now deceased, is the mother of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent1 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 TTDoe is represented by John Victim TTDoe, as Estate Representative, for purposes of this lawsuit.

235.   Plaintiff John Parent2 TTDoe, now deceased, is the mother of John Victim TTDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Parent2 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 TTDoe is represented by John Victim TTDoe, as Estate Representative, for purposes of this lawsuit.

236.    Plaintiff John Victim UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim UUDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time he was injured, John Victim UUDoe was acting within the scope of his employment at the Embassy.

237.    Plaintiff John Sibling1 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

238.    Plaintiff John Sibling2 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling2 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Oregon.

239.    Plaintiff John Sibling3 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling3 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

240.    Plaintiff John Sibling4 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling4 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

241.    Plaintiff John Sibling5 UUDoe, now deceased, is the sister of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling5 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Sibling5 UUDoe is represented by John Victim UUDoe, as Estate Representative, for purposes of this lawsuit.

242.    Plaintiff Jane Sibling UUDoe is the sister of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

243.    Plaintiff Jane Parent1 UUDoe, now deceased, is the mother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent1 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Parent1 UUDoe is represented by John Victim UUDoe, as Estate Representative, for purposes of this lawsuit.

244.    Plaintiff John Child2 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Child2 KDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Child2 KDoe was acting within the scope of his employment at the Embassy.

245.    Plaintiff John Sibling 11 KDoe is the brother of John Child2 KDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling 11 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

246.    Plaintiff John Child1 KDoe, now deceased, was the brother of John Child2 KDoe, who died as a result of the 1983 Beirut Embassy bombing. John Child1 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of John Child1 KDoe is represented by John Child2 KDoe, as Estate Representative, for purposes of this lawsuit.

247.    Plaintiff Jane Spouse KDoe is the brother of John Child2 KDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

248.    Plaintiff John Victim WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim WWDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim WWDoe was acting within the scope of his employment at the Embassy.

249.    Plaintiff Jane Spouse WWDoe is the wife of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

250.    Plaintiff John Sibling1 WWDoe is the brother of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

251.    Plaintiff John Sibling2 WWDoe is the brother of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling2 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

252.    Plaintiff Jane Sibling3 WWDoe is the sister of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling3 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

253.    Plaintiff Jane Child1 WWDoe is the daughter of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child1 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

254.    Plaintiff Jane Child2 WWDoe is the daughter of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

255.    Plaintiff John Victim XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim XXDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim XXDoe was acting within the scope of his employment at the Embassy.

256.    Plaintiff John Sibling1 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

257.    Plaintiff John Sibling2 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling2 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

258.    Plaintiff John Sibling3 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling3 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

259.    Plaintiff John Parent1 XXDoe is the father of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Parent1 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

260.    Plaintiff Jane Parent2 XXDoe is the mother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent2 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

261.    Plaintiff John Victim UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim UDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim UDoe was acting within the scope of his employment at the Embassy.

262.    Plaintiff Jane Spouse UDoe, now deceased, was the wife of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Jane Spouse UDoe is represented by John Victim UDoe, as Estate Representative, for purposes of this lawsuit.

263.    Plaintiff John Sibling1 UDoe is the brother of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

264.    Plaintiff Jane Sibling2 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

265.    Plaintiff Jane Sibling3 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Sibling3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

266.    Plaintiff Jane Child2 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

267.    Plaintiff Jane Child3 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

268.    Plaintiff John Child1 UDoe is the son of John Victim UDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

269.    Plaintiff John Victim XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim XDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing. At the time he was injured, John Victim XDoe was acting within the scope of his employment at the Embassy.

270.    Plaintiff Jane Spouse XDoe is the widow of John Victim XDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Spouse XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

271.    Plaintiff John Child1 XDoe is the son of John Victim XDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Child1 XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

272.    Plaintiff Jane Child2 XDoe is the daughter of John Victim XDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child2 XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

273.    Plaintiff Jane Victim VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim VDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim VDoe was acting within the scope of his employment at the Embassy.

274.    Plaintiff John Sibling1 VDoe is the brother of Jane Victim VDoe, who was injured as a result of the 1984 Beirut Embassy bombing. John Sibling1 VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

275.    Plaintiff Jane Victim CCDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Jane Victim CCDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to Section 3 of the TVPA, in connection with the April 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim CCDoe was acting within the scope of her employment at the Embassy.

276.    Defendant the Islamic Republic of Iran ("Iran") is a foreign sovereign state.  Iran operated under a constitutional monarchy until January 16, 1979, when Shah Mohammed Reza

Pahlavi fled the country after a period of violent unrest orchestrated by the Ayatollah Ruhollah Musawi Khomeini and his followers. On April 1, 1979, Ayatollah Khomeini declared the creation of the Islamic Republic of Iran.

277.    Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. Appx. § 2405(j)), and Section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984. Iran was designated a state sponsor of terrorism as a result, *inter alia*, of the 1983 Beirut Embassy bombing.

278.    Defendant the Iranian Ministry of Information and Security ("MOIS") functions as the Iranian Intelligence Service and, in this capacity, as an agent of Iran.

279.    MOIS operates both within and outside Iranian territory.

280.    Pursuant to 28 U.S.C. 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents, including those of MOIS.

### III.

### FACTUAL ALLEGATIONS

### The April 18, 1983 Attack on the United States Embassy in Beirut.

281.    In *Dammarell v. Islamic Republic of Iran*, this Court held that Iran and MOIS are liable for the April 18, 1983 terrorist attack on the United States Embassy in Beirut. *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 108-113 (D.D.C. 2003). *See also Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 274 (D.D.C. 2005) (containing factual findings expressly incorporated into the final judgment); and 2006 WL 2583043 (D.D.C. Sept. 7, 2006) (final judgment). In that case, more than eighty U.S. citizen victims and their families sued the Islamic Republic of Iran and MOIS seeking damages for their material support of the attack by Hizbollah on the United States Embassy in Beirut, Lebanon. At the time the Complaint in

*Dammarell* was filed, and through final judgment, only United States citizens were eligible to sue the Defendants under the FSIA. Since that time, the FSIA has been amended by the NDAA 2008 Act, Pub. Law 110-181, § 1083, to waive the sovereign immunity of state sponsors of terrorism such as Iran.

282.    Following approximately twenty days of evidentiary hearings conducted in two phases, this Court held that 28 U.S.C. § 1605(a)(7) removed the sovereign immunity of Iran and MOIS for their role in the bombings and that Iran and MOIS were liable for the 1983 Embassy bombing. *See Dammarell*, 2006 WL 2583043, at *1 & n.2, *3. The Court concluded that the evidence presented at trial "show[ed] unquestionably that Iran and MOIS provided material support to Hizbollah, and that this support was the proximate cause of the 1983 Beirut embassy bombing and the deaths and injuries that resulted." *Id.* at *6. The Court awarded plaintiffs compensatory damages in the amount of $315,919,657. The findings of the Court were set forth in several opinions and are generally as follows:

283.    The country of Lebanon consists of dozens of different ethnic and religious groups, including Sunni Muslins, Shi'ite Muslims, Maronite Christians, and Druse. By 1975, the political power sharing arrangements did not reflect the Lebanon's actual demographics, causing general unrest among the population. As a result, a 15 year civil war began that year.

284.    In 1979, the Shah of Iran, an ally of the United States, was overthrown by the Ayatollah Khomeini and his followers, who set up a fundamentalist Islamic regime in Iran. One of their objectives was to establish Iran as the preeminent power in the Middle East by, among other things, forcing the United States and other Western nations out of the region.

285.    By the early 1980s, the Lebanese government was incapable of providing basic social services to, and had little control over, most of the country. The capital city, Beirut, was

divided into multiple quarters that were controlled by militias loyal to the various factions vying for dominance.

286.    In June 1982, Israel invaded southern Lebanon. Soon after the invasion, Hizbollah — a politico-paramilitary terrorist organization — was established in Lebanon with the guidance and financial support of the government of Iran.

287.    At all pertinent times herein, Iran provided material support and resources, as defined in 18 U.S.C. § 2339A, to Hizbollah by providing it with funding, direction, and training for its terrorist activities in Lebanon. Iran accordingly sponsored Hizbollah within the meaning of 28 U.S.C. § 1605A.

288.    As part of its operations, MOIS acted as a conduit for Iran's provision of funds, training and direction to Hizbollah for its terrorist activities in Lebanon. In so doing, MOIS, acting as an agent of Iran, performed actions within the scope of its agency within the meaning of 28 U.S.C. § 1605A(c).

289.    Among Hizbollah's major activities in Lebanon was its opposition to the Western presence in the country, including the presence of the United States.

290.    Accordingly, during the period following the 1982 Israeli invasion of Lebanon, Hizbollah and other terrorist organizations began orchestrating a series of violent attacks against Westerners and Western installations throughout Lebanon generally and in the Lebanese capital of Beirut in particular.

291.    In addition to the 1983 and 1984 bombings of the U.S. Embassy, the major attacks perpetrated by Hizbollah and other terrorist organizations during this time period included, among other things, the October, 1983 bombing of the Marine Corps barracks in

Beirut, which resulted in the deaths of 241 U.S. servicemen and the January, 1984 assassination of American University in Beirut President Malcolm Kerr.

292.    Further, beginning in 1983 and ending in 1991 with the release of U.S. journalist Terry Anderson, numerous citizens of the United States and Western European countries were kidnapped in and around Beirut and held hostage, often for extended periods of time.

293.    On April 18, 1983 at approximately 1:05 p.m., an unidentified male driver crashed a vehicle laden with hundreds of pounds of explosives into the main entrance of the U.S. Embassy in Beirut.

294.    Upon crashing into the Embassy, the vehicle exploded with a force so powerful that seven floors in the center section of the crescent-shaped building collapsed.

295.    Portions of the Embassy, including the Marine security guard post, the cafeteria, the United States Information Service library, the personnel section, and the consular section were completely destroyed by the blast.  Other parts of the building were severely damaged.

296.    As a result of the blast and the resulting damage and destruction of portions of the Embassy, sixty-three people were killed.  Over one hundred others were injured.

297.    The 1983 Beirut Embassy bombing was the first large scale attack on a United States Embassy, in Lebanon or elsewhere, that resulted in mass casualties.  It also represented Hizbollah's first large-scale attack in Beirut targeting a U.S. facility, ushering in an era of more than two decades of terrorist strikes on United States citizens and facilities at home and abroad.

298.    In *Salazar v. Islamic Republic of Iran*, 370 F. Supp.2d 105 (D.D.C. 2005), this Court took judicial notice of the Court's "extensive" factual findings regarding the involving of Iran, the MOIS, and Hizbollah in April 18, 1983 bombing of the U.S. Embassy in *Dammarell* and entered judgment against Iran and MOIS in favor of Donna K. Salazar, individually and on

- 54 -

behalf, of her husband Army Staff Sergeant Mark E. Salazar, who was killed in the 1983 embassy bombing. The Court awarded compensatory damages to the Salazar plaintiffs in the amount of $18,297,000.

299.    The injuries and/or deaths of the Plaintiff victims of the April 18, 1983 attack in this case, as found in *Dammarell* and *Salazar*, were a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

**The September 20, 1984 Attack on the United States Embassy Annex.**

300.    In *Wagner v. The Islamic Republic of Iran*, 172 F. Supp.2d 128 (D.D.C. 2001), this Court (Jackson, J.) held that the Republic of Iran and MOIS were responsible for this second September 20, 1984 attack on the U.S. Embassy Annex in Beirut. In that case, claims were brought on behalf of the Estate of Michael Ray Wagner, a Naval officer assigned to the U.S. Embassy in Beirut who was killed in the bombing, and his immediate family. At the time the Complaint in *Wagner* was filed, non-U.S. citizens were not eligible to sue the Defendants under the FSIA.

301.    As in the *Dammarell* case, the Court held that 28 U.S.C. § 1605(a)(7), the predecessor provision to 28 U.S.C. § 1605A, removed the sovereign immunity of Iran and the MOIS for their role in the bombings and held the Defendants liable to Plaintiffs for their damages sustained as a result of the bombing of the Embassy Annex. The Court awarded Plaintiffs $16,281,245 in compensatory damages against Iran and MOIS. The Court also awarded $300 million in punitive damages against MOIS. The Court made the following findings:

302.   After the 1983 attack on the U.S. Embassy, the government was forced to relocate its embassy operations to a new building in East Beirut, which was referred to by Embassy Staff as the "Embassy Annex."

303.   Shortly before noon on Thursday, September 20, 1984, a station wagon loaded with some 1500 kilograms of explosives was driven onto the embassy compound at high speed. The vehicle exploded in the vicinity of a concrete cistern filled with water at the front of the Embassy. The car bomb demolished the embassy building. Over a dozen people were killed, the majority of which were Lebanese nationals employed by the U.S. government, and over 60 other people wounded, including the Ambassador.

304.   The evidence connecting the bombing to Iran and MOIS included, among other things, satellite photos of an exact replica of the obstacle-strewn approach to the U.S. Embassy constructed as a training device for the suicide bomber situated at the Sheik Abdullah Barracks in the Bekka Valley of Lebanon. Iranian Revolutionary Guards were known to be quartered at the barracks, where members of Hizbollah were also quartered and trained. These barracks were one of the places of confinement for American hostages seized by Hizbollah.

305.   As in *Wagner*, the injuries and deaths of the Plaintiff victims of the September 20, 1984 attack in this case were direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

## CLASS ACTION ALLEGATIONS

306.   Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated as members of the proposed Plaintiff Class.

307. The proposed Plaintiff Class is defined as follows: All non-U.S. citizens who were employed by the U.S. Embassy in Beirut and were either injured or killed as a result of the 1983 and/or 1984 terrorist attack on the U.S. Embassy in Beirut and the immediate family members of such persons. The Plaintiff Class includes the individuals who are representatives of the estates or inheritors of those Plaintiffs who have since deceased.

308. This class action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

309. The claims of each of the named plaintiffs are typical of the claims of the members of the Plaintiff Class. These claims present questions of law and fact common to the claims of all members of the Plaintiff Class.

310. Plaintiffs' Counsel will vigorously pursue the claims of, and adequately protect the interests of, the Plaintiff Class. The named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class.

311. This action is properly maintainable as a plaintiff class actions because

    a)    the class members are so numerous (exceeding fifty members) and geographically dispersed that joinder of each is impracticable;

    b)    the named plaintiffs are adequate, capable, and proper class representatives;

    c)    the plaintiffs are aware of no reason concerning the management of this action that precludes its maintenance as a plaintiff class action;

    d)    questions of law and fact common to the class predominate over those questions affecting only certain individual class members; and

- 57 -

e)    a class is superior to other available mechanisms for the just, speedy, and

fair adjudication of the claims at issue here.

## COUNT I
## 28 U.S.C. § 1605A(c), PRIVATE RIGHT OF ACTION

312.    Paragraphs 1 through 311 are incorporated herein as if fully set forth herein.

313.    Iran was a state sponsor of terrorism as described in 28 U.S.C.

§1605A(a)(2)(A)(i).  Defendants and their agents were acting within the scope of their office,

employment or agency in committing the acts alleged herein, including the planning and carrying

out the terrorist attacks on the United States Embassy in Beirut, Lebanon on April 18, 1983 and

September 20, 1984.

314.    As a direct and proximate result of the willful, wrongful, intentional and reckless

acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agent MOIS, Plaintiffs suffered mental anguish, emotional pain and suffering, and/or

economic losses resulting from the Defendants' acts.

315.    Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs may assert a cause of action against

Defendants for personal injury or death that was caused by an act of extrajudicial killing or the

provision of material support or resources for such an act is such act or provision of material

support or resources is engaged in by an official, employee, or agent of Defendants while acting

within the scope of his or her office, employment, or agency.

316.    Accordingly, as a result of Defendants' actions, Plaintiffs seeks compensatory and

punitive damages.

WHEREFORE, Plaintiffs demand judgment be entered, jointly and severally, against the

Defendants in the amount of $ 6 BILLION DOLLARS ($ 6,000,000,000).

- 58 -

## COUNT II
## WRONGFUL DEATH

317.    Paragraphs 1 through 316 are incorporated by reference as though fully set forth herein.

318.    On April 18, 1983, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.

319.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon.

320.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, certain Plaintiffs were fatally injured whose estates are represented herein.

321.    Under state statutory and/or common law, the Plaintiff victims may assert a cause of action for wrongful death against Defendants in connection with the willful, wrongful, intentional and reckless actions of Hizbollah members.

WHEREFORE, Plaintiffs demand judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).

## COUNT III
## LOSS OF SOLATIUM AND/OR CONSORTIUM

322.    Paragraphs 1 through 322 are incorporated herein as if fully set forth.

323.    As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of Defendants, the Plaintiff family members of the victims suffered extreme mental anguish, emotional pain and suffering, in the loss of the society and companionship of victims, and the victims similarly suffered from the deprivation of their family's and/or spouse's companionship.

324.    Accordingly, Plaintiffs bring claims for loss of solatium and/or loss of consortium against Defendants.

WHEREFORE, the individual Plaintiffs demand judgment be entered, jointly and severally, against the Defendants, in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).

## COUNT IV
## ASSAULT

325.    Paragraphs 1 through 324 are incorporated by reference as though fully set forth herein.

326.    On April 18, 1983, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.   As a result of the April 18, 1983 attack, certain Plaintiffs suffered injuries, including physical injuries and/or other injuries including mental anguish and emotional pain and suffering.

327.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon. As a result of the September 20, 1984 attack, certain suffered injuries, including physical injuries and/or other injuries including mental anguish and emotional pain and suffering.

328.    The willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, constituted an assault upon Plaintiffs entitling them to compensatory damages for mental anguish, emotional pain and suffering, and/or physical injuries.

329.    Under state statutory and /or common law, each Plaintiff may assert a cause of action for assault against Defendants in connection with the willful, wrongful, intentional and reckless acts of Hizbollah members.

WHEREFORE, Plaintiffs demand judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).


## COUNT V
## BATTERY

330.    Paragraphs 1 through 329 are incorporated by reference as though fully set forth herein.

331.    On April 18, 1983, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon. As a result of the April 18, 1983 attack, certain Plaintiffs were injured.

332.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon. As a result of the September 20, 1984 attack, certain Plaintiffs were injured.

333.    The willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS,

constituted a battery upon Plaintiffs entitling them to compensatory damages for physical pain, mental anguish, and emotional pain and suffering.

334.    Under state statutory and /or common law, each Plaintiff may assert a cause of action for battery against Defendants in connection with the willful, wrongful, intentional and reckless acts of Hizbollah members.

WHEREFORE, Plaintiffs demand judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).

### COUNT VI
### SURVIVAL DAMAGES

335.    Paragraphs 1 through 334 are incorporated by reference as though fully set forth herein.

336.    On April 18, 1983 and on September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.

337.    Certain Plaintiffs were fatally injured as a result of the April 18, 1983 attack whose estates are represented herein.

338.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon.

339.    Certain Plaintiffs were fatally injured as a result of the September 20, 1984 attack whose estates are represented herein.

340.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran



through its agent MOIS, Plaintiffs suffered physical pain, emotional pain and suffering, mental

anguish, and economic losses, entitling them to compensatory damages.

341.    Under state statutory and /or common law, a cause of action may be asserted on

behalf, of each estate seeking survival damages against Defendants in connection with the

willful, wrongful, intentional and reckless actions of Hizbollah members.

WHEREFORE Plaintiffs demand that judgment be entered, jointly and severally,

against the Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and

Security, in the amount of $1 BILLION DOLLARS ($1,000,000,000.00).

### COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

342.    Paragraphs 1 through 341 are incorporated by reference as though fully set forth

herein.

343.    On April 18, 1983, members of Hizbollah willfully, violently, and forcefully

caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.

344.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully

caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon.

345.    The act of detonating an explosive charge at the U.S. Embassy in Lebanon on

April 18 , 1983, and on September 20, 1984, constituted extreme and outrageous conduct on the

part of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agent MOIS.

346.    As a direct and proximate result of the willful, wrongful, intentional and reckless

acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agent MOIS, Plaintiffs suffered severe emotional distress, entitling them to

compensatory damages.

347.    Under state statutory and/or common law, each Plaintiff may assert a cause of action for intentional infliction of emotional distress against Defendants in connection with the willful, wrongful, intentional and reckless actions of Hizbollah members.

WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against the Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).

## COUNT VIII
## ECONOMIC DAMAGES

348.    Paragraphs 1 through 347 are incorporated by reference as though fully set forth herein.

349.    On April 18, 1983, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon. As a result of the terrorist attack, certain Plaintiffs were injured.

350.    On September 20, 1984, members of Hizbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon. As a result of the terrorist attack, certain Plaintiffs were injured.

351.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs incurred economic losses, entitling them to compensatory damages.

352.    Under state statutory and/or common law, each Plaintiff may assert a cause of action for economic damages against Defendants in connection with the willful, wrongful, intentional and reckless actions of Hizbollah members.

WHEREFORE Plaintiffs demand that judgment be entered, jointly and severally, against the Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of $ 1 BILLION DOLLARS ($1,000,000,000.00).

**COUNT IX**
**PUNITIVE DAMAGES**

353.    Paragraphs 1 through 352 are incorporated herein as if fully set forth.

354.    Defendants' actions were intentional and·malicious and in willful, wanton and reckless disregard of the victims' rights.

355.    Pursuant to 28 U.S.C. § 1605A, which specifically authorizes punitive damages in civil actions for money damages resulting from terrorist acts, Defendants the Islamic Republic of Iran and MOIS are liable for such in an amount to be determined by the court.

WHEREFORE, Plaintiffs demand judgment be entered, jointly and severally, against the Defendants in an appropriate amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court

A)    Issue an order certifying the proposed class herein and appointing the named plaintiffs and their undersigned counsel to represent the class;

B)    Grant Plaintiffs judgment in their favor against Defendants on Counts I through IX; and

C)    Award Plaintiffs

1.    Compensatory damages against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of $ 12 BILLION DOLLARS ($12,000,000,000.00);

2.       Punitive damages;

3.       Pre-judgment interest

4.       Reasonable costs and expenses;

5.       Reasonable attorneys' fees; and

Such other and further relief which the Court may determine to be just and equitable under the circumstances.

Dated:  March 27, 2008            Respectfully submitted,

Stuart H. Newberger, D.C. Bar No. 294793
Michael L. Martinez, D.C. Bar No. 347310
Laurel Pyke Malson, D.C. Bar No. 317776
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

*Attorneys for Plaintiffs*