UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF JOHN DOE, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ISLAMIC REPUBLIC OF IRAN, )<br>  e*t al.*, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 08-540-JDB |

**PLAINTIFFS' FOURTH STATUS REPORT CONCERNING
SERVICE OF PROCESS AND AMENDMENT OF THE COMPLAINT**

As the Court is aware, this is an action filed on March 28, 2008, against the Islamic Republic of Iran ("Iran") and Iran's Ministry of Information and Security ("MOIS"), arising out of the April 1983 and September 1984 terrorist attacks on the United States embassy in Beirut, Lebanon. The case was filed pursuant to a 60-day window enacted into law in late January 2008, during which, among other things, certain new cases by particular parties could be brought under the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1605, *et seq*. *See* section 1083 of the National Defense Authorization Act for Fiscal Year 2008, Public Law 110-181 (codified at 28 U.S.C. § 1605A).

Following earlier Status Reports by Plaintiffs, this Court ordered an additional Status Report be filed by April 30, 2009. As Plaintiffs reported in the Third Status Report filed on February 2, 2009, substantial progress has been made by Plaintiffs since their last Report but, as explained below, Plaintiffs are still not yet in a position to amend the Complaint and begin the process of serving the Defendants through the Department of State. However, Plaintiffs are now very close and expect to be able to file an Amended Complaint on or before May 22, 2009. We

also may file a motion or two on that date (such as a motion to dismiss the class claims), but we are still ironing out the details on these issues.  Once we file the Amended Complaint, and issues concerning any contemporaneous motions we file are resolved, Plaintiffs will be in a position to commence the process of serving the summons and complaint on Iran – likely through diplomatic channels.

The window of opportunity opened by Congress in its January 2008 statutory amendment was very narrow and 60 days was simply not enough time to track down conduct due diligence with respect to all individuals with potential claims stemming from incidents that happened more 20 years ago.  Additionally, many Plaintiffs have had concerns about their safety, despite this Court's order allowing Plaintiffs to proceed anonymously.  Those issues plus the sheer number of Plaintiffs (more than 300), language difficulties, and various estate issues have all caused this process to take far longer than we had originally anticipated.

Despite these difficulties, counsel for Plaintiffs are almost in a position whereby they can amend the complaint and commence the process of service on the Islamic Republic of Iran.  As previously reported, to demonstrate that counsel for Plaintiffs have been working diligently to amend the complaint and get into a position to serve Iran, they provide the following details about their efforts:

(1) Counsel for plaintiffs have been working with a Mediterranean area firm, as well as personnel in the Department of State, to clarify various issues concerning various Plaintiffs.

(2) Counsel has likewise worked with the same firm to address issues regarding the applicability and interpretation of various estate law issues that might apply.  This has been a significant obstacle that has slowed the process considerably.  Plaintiffs, however, believe they have now resolved outstanding issues in this regard.

(3)     Of the more than 300 Plaintiffs, counsel believes they have, after significant effort, obtained all of the required documentation necessary to proceed as counsel.

(4)     Counsels' diligent review also leads us to the conclusion that some Plaintiffs we listed in the original complaint may need to be dropped. We believe we have worked out most of the issues in this regard as well.

In view of the foregoing, Plaintiffs still need more time both to complete the process of amending the Complaint and preparing whatever motions are also necessary. We propose that the Court permit us to do so on or before May 22, 2009. At that point we would expect the Court to have before it an Amended Complaint and perhaps a motion or two. The Court can then decide how to proceed and Plaintiffs can commence service of the summons and Complaint on the Defendants. Moreover, as we have previously noted, with regards to service, Rule 4(j)(1) of the Federal Rules of Civil Procedure provides that service on a foreign state is governed by 28 U.S.C. § 1608. That provision does not impose any time limits on service in the context of a case such as this one. Nevertheless, Plaintiffs desire to report to the Court the state of their continued efforts, and to the extent the Court deems it necessary, seek additional time within which to effect service on the Defendants.

WHEREFORE, Plaintiffs propose that they file an Amended Complaint and whatever motions Plaintiffs deem necessary in connection with Amended Complaint on or before May 22, 2009.

Date: April 30, 2009								Respectfully submitted,

								_____/s/_____
								Stuart H. Newberger, D.C. Bar No. 294793
								Michael L. Martinez, D.C. Bar No. 347310
								Laurel Pyke Malson, D.C. Bar No. 317776
								CROWELL & MORING LLP
								1001 Pennsylvania Avenue, N.W.
								Washington, D.C. 20004-2595
								(202) 624-2500

								*Counsel for Plaintiffs*

7756887