# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JOHN DOE, Decedent**
By John Child1 Doe, Legal Representative,

**JOHN CHILD1 DOE**
Individually on his own behalf,

**JANE PARENT1 DOE, Decedent**
By John Child1 Doe, Legal Representative,

**JANE SPOUSE DOE, Decedent**
By John Child1 Doe, Legal Representative,

**JOHN CHILD2 DOE**
Individually on his own behalf,

**JANE CHILD3 DOE**
Individually on her own behalf,

**JANE CHILD4 DOE**
Individually on her own behalf,

**JOHN CHILD5 DOE**
Individually on his own behalf,

**JOHN VICTIM ADOE, Decedent**
By Jane Spouse ADoe, Legal Representative,

**JANE SPOUSE ADOE**
Individually on her own behalf,

**JANE SIBLING2 ADOE**
Individually on her own behalf,

**JOHN CHILD1 ADOE**
Individually on his own behalf,

**JANE CHILD2 ADOE**
Individually on her own behalf,

**JOHN VICTIM BDOE, Decedent**
By John Child2 BDoe, Legal Representative

**SECOND AMENDED COMPLAINT FOR COMPENSATORY DAMAGES PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT, AS AMENDED, 28 U.S.C. § 1605A**

**Civil Action No. 08-0540 (JDB)**

**JANE SPOUSE BDOE**
Individually on her own behalf,

**JOHN CHILD1 BDOE**
Individually on his own behalf,

**JOHN CHILD2 BDOE**
Individually on his own behalf,

**JANE CHILD3 BDOE**
Individually on her own behalf,

**JANE CHILD4 BDOE**
Individually on her own behalf,

**JOHN VICTIM CDOE, Decedent**
By Jane Parent1 CDoe, Legal Representative,

**JANE PARENT1 CDOE**
Individually on her own behalf,

**JOHN VICTIM DDOE, Decedent**
By Jane Spouse DDoe, Legal Representative,

**JANE SPOUSE DDOE**
Individually on her own behalf,

**JOHN VICTIM EDOE, Decedent**
By Jane Spouse EDoe, Legal Representative,

**JANE SPOUSE EDOE**
Individually on her own behalf,

**JANE CHILD1 EDOE**
Individually on her own behalf,

**JOHN SIBLING1 EDOE**
Individually on his own behalf,

**JOHN SIBLING2 EDOE, Decedent**
By Legal Representative 005,

**JOHN VICTIM FDOE, Decedent**
By John Child1 FDoe, Legal Representative,

**JANE SPOUSE FDOE**
Individually on her own behalf,

**JOHN PARENT1 FDOE**
Individually on his own behalf,

**JOHN CHILD1 FDOE**
Individually on his own behalf,

**JANE CHILD2 FDOE**
Individually on her own behalf,

**JOHN VICTIM GDOE, Decedent**
By John Child1 GDoe, Legal Representative,

**JANE SPOUSE GDOE, Decedent**
By John Child1 GDoe, Legal Representative,

**JANE SIBLING1 GDOE**
Individually on her own behalf,

**JANE SIBLING2 GDOE**
Individually on her own behalf,

**JANE SIBLING3 GDOE**
Individually on her own behalf,

**JANE PARENT1 GDOE, Decedent**
By John Child1 GDoe, Legal Representative,

**JOHN CHILD1 GDOE**
Individually on his own behalf,

**JANE CHILD2 GDOE**
Individually on her own behalf,

**JOHN VICTIM HDOE, Decedent**
By Jane Spouse HDoe, Legal Representative,

**JANE SPOUSE HDOE**
Individually on her own behalf,

**JOHN CHILD1 HDOE**
Individually on his own behalf,

**JANE CHILD2 HDOE**
Individually on her own behalf,

**JANE VICTIM IDOE, Decedent**
By John Child1 IDoe, Legal Representative,

**JOHN SPOUSE IDOE, Decedent**
By John Child1 IDoe, Legal Representative,

**JOHN SIBLING1 IDOE, Decedent**
By Legal Representative 012,

**JANE SIBLING2 IDOE**
Individually on her own behalf,

**JOHN CHILD1 IDOE**
Individually on his own behalf,

**JOHN CHILD2 IDOE**
Individually on his own behalf,

**JOHN VICTIM JDOE, Decedent**
By John Child1 Doe, Legal Representative,

**JANE SPOUSE JDOE**
Individually on her own behalf,

**JOHN CHILD1 JDOE**
Individually on his own behalf,

**JOHN SIBLING1 JDOE**
Individually on his own behalf,

**JANE SIBLING2 JDOE, Decedent**
By Legal Representative 001,

**JANE SIBLING3 JDOE**
Individually on her own behalf,

**JOHN VICTIM KDOE, Decedent**
By John Child3 KDoe, Legal Representative,

**JANE SPOUSE KDOE, Decedent**
By John Child3 KDoe, Legal Representative,

**JOHN CHILD1 KDOE, Decedent**
By Legal Representative 008,

**JOHN CHILD2 KDOE**
Individually on his own behalf,

**JOHN CHILD3 KDOE**
Individually on his own behalf,

**JANE VICTIM LDOE, Decedent**
By John Sibling1 LDoe, Legal Representative,

**JOHN SIBLING1 LDOE**
Individually on his own behalf,

**JANE SIBLING2 LDOE**
Individually on her own behalf,

**JANE SIBLING3 LDOE**
Individually on her own behalf,

**JANE PARENT1 LDOE**
Individually on her own behalf,

**JOHN VICTIM MDOE, Decedent**
By John Sibling1 MDoe, Legal
Representative,

**JOHN SIBLING1 MDOE**
Individually on his own behalf,

**JOHN SIBLING2 MDOE**
Individually on his own behalf

**JANE PARENT1 MDOE, Decedent**
By John Sibling1 MDoe, Legal
Representative,

**JANE VICTIM NDOE, Decedent**
By John Sibling3 NDoe, Legal
Representative,

**JOHN SIBLING1 NDOE**
Individually on his own behalf,

**JOHN SIBLING2 NDOE**
Individually on his own behalf,

**JOHN SIBLING3 NDOE**
Individually on his own behalf,

**JANE SIBLING4 NDOE**
Individually on her own behalf,

**JANE SIBLING5 NDOE**
Individually on her own behalf,

**JANE SIBLING6 NDOE**
Individually on her own behalf,

**JANE SIBLING7 NDOE**
Individually on her own behalf,

**JOHN PARENT1 NDOE, Decedent**
By John Sibling1 NDoe, Legal
Representative,

**JANE PARENT2 NDOE**
Individually on her own behalf,

**JOHN VICTIM ODOE, Decedent**
By Jane Parent1 ODoe, Legal Representative,

**JANE PARENT1 ODOE**
Individually on her own behalf,

**JOHN VICTIM PDOE, Decedent**
By Jane Spouse PDoe, Legal Representative,

**JANE SPOUSE PDOE**
Individually on her own behalf,

**JOHN CHILD1 PDOE**
Individually on his own behalf,

**JOHN CHILD2 PDOE**
Individually on his own behalf,

**JOHN CHILD3 PDOE**
Individually on his own behalf,

**JOHN CHILD4 PDOE**
Individually on his own behalf,

**JANE CHILD5 PDOE**
Individually on her own behalf,

**JOHN SIBLING1 PDOE, Decedent**
By Legal Representative 010,

**JOHN VICTIM QDOE**
Individually on his own behalf,

**JANE SPOUSE QDOE**
Individually on her own behalf,

**JOHN PARENT1 QDOE, Decedent**
By John Victim QDoe, Legal Representative,

**JANE PARENT2 QDOE, Decedent**
By John Victim QDoe, Legal Representative,

**JOHN SIBLING1 QDOE**
Individually on his own behalf,

**JOHN SIBLING2 QDOE**
Individually on his own behalf,

**JOHN CHILD1 QDOE**
Individually on his own behalf,

**JANE CHILD2 QDOE**
Individually on her own behalf,

**JANE VICTIM RDOE**
Individually on her own behalf,

**JOHN SIBLING1 RDOE**
Individually on his own behalf,

**JANE PARENT1 RDOE, Decedent**
By Jane Victim RDoe, Legal Representative,

**JANE SIBLING3 RDOE**
By Legal Representative 002,

**JANE VICTIM SDOE**
Individually on her own behalf,

**JOHN SPOUSE SDOE, Decedent**
By Jane Victim SDoe, Legal Representative,

**JOHN CHILD1 SDOE**
Individually on his own behalf,

**JOHN CHILD2 SDOE**
Individually on his own behalf,

**JOHN CHILD3 SDOE**
Individually on his own behalf,

**JOHN VICTIM TDOE**
Individually on his own behalf,

**JANE SPOUSE TDOE**
Individually on her own behalf,

**JOHN CHILD1 TDOE**
Individually on his own behalf,

**JANE CHILD2 TDOE**
Individually on her own behalf,

**JANE CHILD3 TDOE**
Individually on her own behalf,

**JOHN VICTIM UDOE**
Individually on his own behalf,

**JANE SPOUSE UDOE, Decedent**
By John Victim UDoe, Legal Representative,

**JANE SIBLING1 UDOE**
Individually on her own behalf,

**JANE SIBLING2 UDOE**
Individually on her own behalf,

**JANE SIBLING3 UDOE, Decedent**
ByJohn Victim UDoe, Legal Representative,

**JANE SIBLING4 UDOE, Decedent**
By Legal Representative 011,

**JANE SIBLING5 UDOE, Decedent**
ByLegal Representative 006,

**JOHN CHILD1 UDOE**
Individually on his own behalf,

**JANE CHILD2 UDOE**
Individually on her own behalf,

**JANE CHILD3 UDOE**
Individually on her own behalf,

**JANE VICTIM VDOE**
Individually on her own behalf,

**JOHN SIBLING1 VDOE**
Individually on his own behalf,

**JANE PARENT1 VDOE, Decedent**
By Jane Victim VDoe, Legal Representative,

**JANE VICTIM WDOE**
Individually on her own behalf,

**JOHN SPOUSE WDOE**
Individually on his own behalf,

**JANE PARENT1 WDOE, Decedent**
By Jane Victim WDoe, Legal Representative,

**JOHN CHILD1 WDOE**
Individually on his own behalf,

**JOHN VICTIM XDOE**
Individually on his own behalf,

**JANE SPOUSE XDOE**
Individually on her own behalf,

**JANE CHILD2 XDOE**
Individually on her own behalf,

**JOHN VICTIM YDOE, Decedent**
By Jane Child1 YDoe, Legal Representative,

**JANE CHILD1 YDOE**
Individually on her own behalf,

**JANE CHILD2 YDOE**
Individually on her own behalf,

**JOHN CHILD3 YDOE, Decedent**
By Legal Representative 007,

**JOHN VICTIM ZDOE**
Individually on his own behalf,

**JANE SPOUSE ZDOE, Decedent**
By John Victim ZDoe,  Legal Representative,

**JOHN VICTIM AADOE**
Individually on his own behalf,

**JANE SPOUSE AADOE**
Individually on her own behalf,

**JANE SIBLING1 AADOE**
Individually on her own behalf,

**JOHN CHILD1 AADOE**
Individually on his own behalf,

**JOHN CHILD2 AADOE**
Individually on his own behalf,

**JANE CHILD3 AADOE**
Individually on her own behalf,

**JANE CHILD4 AADOE**
Individually on her own behalf,

**JANE VICTIM BBDOE**
Individually on her own behalf,

**JOHN SPOUSE BBDOE**
Individually on his own behalf,

**JOHN CHILD1 BBDOE**
Individually on his own behalf,

**JANE VICTIM CCDOE**
Individually on her own behalf,

**JANE VICTIM DDDOE**
Individually on her own behalf,

**JOHN SIBLING1 DDDOE**
Individually on his behalf,

**JOHN SIBLING2 DDDOE**
Individually on his own behalf,

**JOHN SIBLING3 DDDOE**
Individually on his own behalf,

**JANE SIBLING4 DDDOE**
Individually on her own behalf,

**JANE SIBLING5 DDDOE**
Individually on her own behalf,

**JOHN PARENT1 DDDOE**
Individually on his own behalf,

**JANE PARENT2 DDDOE**
Individually on her own behalf,

**JOHN VICTIM EEDOE, Decedent**
By John Sibling1 EEDoe, Legal
Representative,

**JOHN SIBLING1 EEDOE**
Individually on his own behalf,

**JANE SIBLING2 EEDOE**
Individually on her own behalf,

**JANE SIBLING3 EEDOE**
Individually on her own behalf,

**JOHN PARENT1 EEDOE**
Individually on his own behalf,

**JANE PARENT2 EEDOE**
Individually on her own behalf,

**JOHN VICTIM FFDOE, Decedent**
By John Child1 FFDoe, Legal Representative

**JANE SPOUSE FFDOE**
Individually on her own behalf,

**JOHN SIBLING1 FFDOE**
Individually on his own behalf,

**JOHN SIBLING2 FFDOE**
Individually on his own behalf,

**JOHN SIBLING3 FFDOE**
Individually on his own behalf,

**JANE SIBLING4 FFDOE**
Individually on her own behalf,

**JANE SIBLING5 FFDOE**
Individually on her own behalf,

**JANE SIBLING6 FFDOE**
Individually on her own behalf,

**JANE PARENT1 FFDOE**
Individually on her own behalf,

**JOHN CHILD1 FFDOE**
Individually on his own behalf,

**JOHN VICTIM GGDOE, Decedent**
By Jane Spouse GGDoe, Legal
Representative,

**JANE SPOUSE GGDOE**
Individually on her own behalf,

**JANE SIBLING1 GGDOE**
Individually on her own behalf,

**JANE SIBLING2 GGDOE**
Individually on her own behalf,

**JOHN CHILD1 GGDOE**
Individually on his own behalf,

**JOHN VICTIM HHDOE, Decedent**
By John Child1 HHDoe, Legal
Representative,

**JANE SPOUSE HHDOE**
Individually on her own behalf,

**JANE SIBLING1 HHDOE**
Individually on her own behalf,

**JANE SIBLING2 HHDOE**
Individually on her own behalf,

**JANE SIBLING3 HHDOE**
Individually on her own behalf,

**JOHN SIBLING4 HHDOE**
Individually on his own behalf,

**JOHN CHILD1 HHDOE**
Individually on his own behalf,

**JANE PARENT1 HHDOE**
Individually on her own behalf,

**JOHN VICTIM IIDOE, Decedent**
By Jane Spouse IIDoe, Legal Representative,

**JANE SPOUSE IIDOE**
Individually on her own behalf,

**JOHN VICTIM JJDOE, Decedent**
By John Child1 JJDoe, Legal Representative,

**JANE SPOUSE JJDOE**
Individually on her own behalf,

**JOHN SIBLING1 JJDOE**
Individually on his own behalf,

**JANE SIBLING2 JJDOE**
Individually on her behalf,

**JANE SIBLING3 JJDOE, Decedent**
By Legal Representative 009,

**JANE SIBLING4 JJDOE**
Individually on her behalf,

**JANE SIBLING5 JJDOE**
Individually on her behalf,

**JOHN CHILD1 JJDOE**
Individually on his behalf,

**JOHN CHILD2 JJDOE**
Individually on his behalf,

**JANE CHILD3 JJDOE**
Individually on her behalf,

**JOHN VICTIM KKDOE**
Individually on his behalf,

**JANE SPOUSE KKDOE**
Individually on her own behalf,

**JANE CHILD1 KKDOE**
Individually on her own behalf,

**JANE CHILD2 KKDOE**
Individually on her behalf,

**JANE CHILD3 KKDOE**
Individually on her behalf,

**JANE VICTIM LLDOE**
Individually on her own behalf,

**JANE SIBLING1 LLDOE**
Individually on her own behalf,

**JOHN SIBLING2 LLDOE**
Individually on his behalf,

**JANE VICTIM MMDOE**
Individually on her behalf,

**JOHN VICTIM NNDOE**
Individually on his behalf,

**JANE SPOUSE NNDOE**
Individually on her behalf,

**JOHN CHILD1 NNDOE**
Individually on his behalf,

**JANE CHILD2 NNDOE**
Individually on her behalf,

**JANE CHILD3 NNDOE**
Individually on her behalf,

**JANE CHILD4 NNDOE**
Individually on her behalf,

**JOHN VICTIM OODOE**
Individually on his behalf,

**JANE SPOUSE OODOE**
Individually on her behalf,

**JOHN CHILD1 OODOE**
Individually on his behalf,

**JOHN CHILD2 OODOE**
Individually on his behalf,

**JANE CHILD3 OODOE**
Individually on her behalf,

**JANE CHILD4 OODOE**
Individually on her behalf,

**JOHN CHILD5 OODOE**
Individually on his own behalf,

**JOHN VICTIM PPDOE**
Individually on his behalf,

**JOHN SIBLING1 PPDOE**
 Individually on his own behalf,

**JANE SIBLING2 PPDOE**
Individually on her own behalf,

**JOHN SIBLING3 PPDOE, Decedent**
By John Victim PPDoe, Legal Representative,

**JANE PARENT1 PPDOE, Decedent**
By John Victim PPDoe, Legal Representative,

**JOHN PARENT2 PPDOE, Decedent**
By John Victim PPDoe, Legal Representative,

**JANE VICTIM QQDOE**
Individually on her own behalf,

**JANE SIBLING1 QQDOE**
Individually on her own behalf,

**JANE SIBLING2 QQDOE**
Individually on her own behalf,

**JOHN PARENT1 QQDOE, Decedent**
By Jane Victim QQDoe, Legal
Representative,

**JANE PARENT2 QQDOE, Decedent**
By Jane Victim QQDoe, Legal
Representative,

**JANE VICTIM RRDOE**
Individually on her own behalf,

**JOHN CHILD1 RRDOE**
Individually on his own behalf,

**JANE CHILD2 RRDOE**
Individually on her own behalf,

**JANE VICTIM SSDOE**
Individually on her own behalf,

**JANE SIBLING1 SSDOE**
Individually on her own behalf,

**JANE CHILD1 SSDOE**
Individually on her own behalf,

**JOHN VICTIM TTDOE**
Individually on his own behalf,

**JANE SPOUSE TTDOE**
Individually on her own behalf,

**JOHN CHILD1 TTDOE**
Individually on his own behalf,

**JANE CHILD2 TTDOE**
Individually on her own behalf,

**JANE CHILD3 TTDOE**
Individually on her own behalf,

**JANE PARENT1 TTDOE, Decedent**
By John Victim TTDoe, Legal Representative,

**JOHN PARENT2 TTDOE, Decedent**
By John Victim TTDoe, Legal Representative,

**JOHN SIBLING1 TTDOE**
Individually on his own behalf,

**JOHN SIBLING2 TTDOE**
Individually on his own behalf,

**JANE SIBLING3 TTDOE**
Individually on her own behalf,

**JANE SIBLING4 TTDOE**
Individually on her own behalf,

**JANE SIBLING5 TTDOE**
Individually on her own behalf,

**JANE SIBLING6 TTDOE**
Individually on her own behalf,

**JOHN VICTIM UUDOE**
Individually on his own behalf,

**JOHN SIBLING1 UUDOE**
Individually on his own behalf,

**JOHN SIBLING2 UUDOE**
Individually on his own behalf,

**JOHN SIBLING3 UUDOE**
Individually on his own behalf,

**JOHN SIBLING4 UUDOE**
Individually on his own behalf,

**JANE SIBLING5 UUDOE, Decedent**
By Legal Representative 013,

**JANE SIBLING6 UUDOE**
Individually on her own behalf,

**JANE PARENT1 UUDOE, Decedent**
By John Victim UUDoe, Legal
Representative,

**JOHN VICTIM WWDOE**
Individually on his own behalf,

**JANE SPOUSE WWDOE**
Individually on her own behalf,

**JOHN SIBLING1 WWDOE**
Individually on his own behalf,

**JOHN SIBLING2 WWDOE**
Individually on his own behalf,

**JANE SIBLING3 WWDOE**
Individually on her own behalf,

**JANE CHILD1 WWDOE**
Individually on her own behalf,

**JANE PARENT1 WWDOE**
Individually on her own behalf,

**JOHN VICTIM XXDOE**
Individually on his own behalf,

**JOHN SIBLING1 XXDOE**
Individually on his own behalf,

**JOHN SIBLING2 XXDOE**
Individually on his own behalf,

**JOHN SIBLING3 XXDOE**
Individually on his own behalf,

**JOHN PARENT1 XXDOE**
Individually on his own behalf,

**JANE PARENT2 XXDOE**
Individually on her own behalf,

**JANE VICTIM YYDOE, Decedent**
By John Sibling1 YYDoe, Legal
Representative,

**JOHN SIBLING1 YYDOE**
Individually on his own behalf,

**JANE SIBLING2 YYDOE**
Individually on her own behalf,

**JANE SIBLING3 YYDOE**
Individually on her own behalf,

**JANE SIBLING4 YYDOE**
Individually on her own behalf,

**JOHN PARENT1 YYDOE, Decedent**
By John Sibling1 YYDoe, Legal
Representative,

**JANE PARENT2 YYDOE**
Individually on her own behalf,

**JANE VICTIM ZZDOE, Decedent**
By John Sibling2 ZZDoe, Legal
Representative,

**JANE SIBLING1 ZZDOE**
Individually on her own behalf,

**JOHN SIBLING2 ZZDOE**
Individually on his own behalf,

**JANE SIBLING3 ZZDOE**
Individually on her own behalf,

**JOHN SIBLING4 ZZDOE**
Individually on his own behalf,

**JANE PARENT1 ZZDOE, Decedent**
By John Sibling2 ZZDoe,  Legal
Representative,

**JANE VICTIM AAADOE**
Individually on her own behalf,

**JOHN SIBLING1 AAADOE**
Individually on his own behalf,

**JANE SIBLING2 AAADOE**
Individually on her own behalf,

**JANE SIBLING3 AAADOE**
Individually on her own behalf,

**JANE SIBLING4 AAADOE**
Individually on her own behalf,

**JANE SIBLING5 AAADOE**
Individually on her own behalf,

**JANE SIBLING6 AAADOE**
Individually on her own behalf,

**JANE SIBLING7 AAADOE**
Individually on her own behalf,

**JOHN PARENT1 AAADOE, Decedent**
By Jane Victim AAADoe, Legal
Representative,

**JANE PARENT2 AAADOE, Decedent**
By Jane Victim AAADoe, Legal
Representative,

**JOHN VICTIM BBBDOE**
Individually on his own behalf,

**JOHN SIBLING1 BBBDOE**
Individually on his own behalf,

**JOHN SIBLING2 BBBDOE**
Individually on his own behalf,

**JOHN SIBLING3 BBBDOE, Decedent**
By Jane Sibling4 BBBDoe, Legal
Representative

**JANE SIBLING4 BBBDOE**
Individually on her own behalf,

**JANE SIBLING5 BBBDOE**
Individually on her own behalf,

**JOHN VICTIM CCCDOE, Decedent**
By Jane Spouse CCCDoe,  Legal
Representative,

**JANE SPOUSE CCCDOE**
Individually on her own behalf,

**JANE CHILD1 CCCDOE**
Individually on her own behalf,

**JOHN CHILD2 CCCDOE**
Individually on his own behalf,

**JANE CHILD3 CCCDOE**
Individually on her own behalf,

**JANE CHILD4 CCCDOE**
Individually on her own behalf,

**JANE VICTIM DDDDOE, Decedent**
By Jane Child1 DDDDoe, Legal
Representative,

**JANE SIBLING1 DDDDOE, Decedent**
By Legal Representative 003, Legal
Representative,

**JANE SIBLING2 DDDDOE**
Individually on her own behalf,

**JANE SIBLING3 DDDDOE, Decedent**
By Legal Representative 004,

**JANE CHILD1 DDDDOE**
Individually on her own behalf,

**JANE CHILD2 DDDDOE**
Individually on her own behalf,

**JOHN VICTIM EEEDOE**
Individually on his own behalf,

C/o Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004

                  Plaintiffs,

    v.

**ISLAMIC REPUBLIC OF IRAN,**
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran,

And

**IRANIAN MINISTRY OF
INFORMATION AND SECURITY,**
Pasdaran Avenue
Golestan Yekon
Tehran, Iran,

               Defendants.

Plaintiffs, by and through undersigned counsel, bring this action seeking damages arising out of the terrorist attacks against the United States Embassy in Beirut, Lebanon on April 18, 1983, and September 20, 1984.  Plaintiffs are, for the most part, foreign nationals who were employed by the United States Government at the time of attacks who suffered injuries or death as a result of the attacks on the U.S. Embassy in Beirut, and their immediate family members. One Plaintiff was a soldier in the U.S. Army stationed at the U.S. Embassy in Beirut who suffered injuries during the 1983 Embassy attack.

Pursuant to section 1083(c)(3) of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. 100-181 (2008) ("NDAA 2008 Act"), this case may be filed as a related action to *Dammarell v. Islamic Republic of Iran*, C.A. No. 01-2224-JDB, 2006 WL 2583043 (D.D.C. Sept. 7, 2006) (Bates, J.), and *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 133 (D.D.C. 2001) (Jackson, J.), because it arises out of the same acts and/or incidents as those cases. In *Dammarell,* this Court found the Defendants in this action, the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), liable for the April 18, 1983, terrorist attack on the U.S. Embassy in Beirut, and awarded judgment in favor of plaintiffs, U.S. citizens killed or injured in that attack and their immediate family members.  In *Wagner*, this Court found the same Defendants liable for the September 20, 1984, attack on the U.S. Embassy Annex in Beirut, and similarly awarded judgment.

Plaintiffs here seek judgment against Defendants, Iran and MOIS, jointly and severally, and in support of their Second Amended Complaint allege as follows:

# I.

## JURISDICTION AND VENUE

1.      Jurisdiction over the subject matter of this case arises under 28 U.S.C. § 1330(a).

Defendants Iran and MOIS are subject to suit in the courts of the United States pursuant to the

Foreign Sovereign Immunities Act ("FSIA"), as amended by Pub. L. 110-181, § 1083 (2008),

28 U.S.C. § 1605A, and related statutes.

2.      This case arises out of the same facts as, and is related to, *Dammarell*, 2006 WL

2583043, and *Wagner*, 172 F. Supp. 2d at 133, both of which were timely commenced in this

Court under 28 U.S.C. § 1605(a)(7), the predecessor provision to 28 U.S.C. § 1605A.  This

action was brought pursuant to, and within 60 days of enactment of, the January 2008

amendments to the FSIA, 28 U.S.C. §§ 1602 *et seq.*, set out in the NDAA 2008 Act, Pub. L. 100-

181, § 1083 (2008), codified at 28 U.S.C. §§ 1605A, 1610.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

# II.

## THE PARTIES

4.      John Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled

in Lebanon and employed by the United States Government at the United States Embassy in

Beirut.  John Doe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C.

§§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the Torture Victim's Protection Act

("TVPA"), 28 U.S.C. § 1350, in connection with the 1983 Beirut Embassy bombing.  At the time

he was killed, John Doe was acting within the scope of his employment at the Embassy.  John

Doe is represented by John Child1 Doe, as legal representative, for purposes of this lawsuit.

John Child1 Doe, on behalf of John Doe, brings survival claims pursuant to § 1605A(c) for

economic damages and pain and suffering.

5.      Plaintiff John Child1 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in California.  John Child1 Doe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or the State of California.

6.       Plaintiff Jane Parent1 Doe, now deceased, was the mother of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 Doe is represented by John Child1 Doe, as legal representative, for purposes of this lawsuit.  John Child1 Doe, on behalf of Jane Parent1 Doe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

7.      Plaintiff Jane Spouse Doe, now deceased, was the widow of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse Doe is represented by John Child1 Doe, as legal representative, for purposes of this lawsuit.  John Child1 Doe, on behalf of Jane Spouse Doe, brings survival claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

8.      Plaintiff John Child2 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  John Child2 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 Doe, now a U.S. citizen domiciled in

California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

9.      Plaintiff Jane Child3 Doe is the daughter of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child3 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 Doe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

10.     Plaintiff Jane Child4 Doe is the daughter of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child4 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 Doe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

11.     Plaintiff John Child5 Doe is the son of John Doe, who died as a result of the 1983 Beirut Embassy bombing.  John Child5 Doe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in California.  John Child5 Doe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or the State of California.

12.     John Victim ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim ADoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim

ADoe was acting within the scope of his employment at the Embassy.  John Victim ADoe is represented by Jane Spouse ADoe, as legal representative, for purposes of this lawsuit.  Jane Spouse ADoe, on behalf of John Victim ADoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

13.     Plaintiff Jane Spouse ADoe is the widow of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse ADoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

14.     Plaintiff Jane Sibling2 ADoe is the sister of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 ADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

15.     Plaintiff John Child1 ADoe is the son of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 ADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

16.     Plaintiff Jane Child2 ADoe is the daughter of John Victim ADoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child2 ADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 ADoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

17.     John Victim BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim BDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim BDoe was acting within the scope of his employment at the Embassy.  John Victim BDoe is represented by John Child2 BDoe, as legal representative, for purposes of this lawsuit.  John Child2 BDoe, on behalf of John Victim BDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

18.     Plaintiff Jane Spouse BDoe is the widow of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse BDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

19.     Plaintiff John Child1 BDoe is the son of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 BDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

20.     Plaintiff John Child2 BDoe is the son of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child2 BDoe was, at the time of the acts alleged

herein, a Lebanese citizen domiciled in Lebanon.  John Child2 BDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

21.     Plaintiff Jane Child3 BDoe is the daughter of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child3 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 BDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

22.     Plaintiff Jane Child4 BDoe is the daughter of John Victim BDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child4 BDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 BDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

23.     John Victim CDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim CDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim CDoe was acting within the scope of his employment at the Embassy.  John Victim CDoe is represented by Jane Parent1 CDoe, as legal representative, for purposes of this lawsuit.  Jane Parent1 CDoe, on behalf of John Victim CDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

24.     Plaintiff Jane Parent1 CDoe is the mother of John Victim CDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 CDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 CDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

25.     John Victim DDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim DDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim DDoe was acting within the scope of his employment at the Embassy.  John Victim DDoe is represented by Jane Spouse DDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse DDoe, on behalf of John Victim DDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

26.     Plaintiff Jane Spouse DDoe is the widow of John Victim DDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse DDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse DDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

27.     John Victim EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim EDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in

connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim EDoe was acting within the scope of his employment at the Embassy.  John Victim EDoe is represented by Jane Spouse EDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse EDoe, on behalf of John Victim EDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

28.     Plaintiff Jane Spouse EDoe is the widow of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse EDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

29.     Plaintiff Jane Child1 EDoe is the daughter of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child1 EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1 EDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or in the alternative, the laws of the District of Columbia or Lebanon.

30.     Plaintiff John Sibling1 EDoe is the brother of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 EDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 EDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

31.     Plaintiff John Sibling2 EDoe, now deceased, was the brother of John Victim EDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling2 EDoe was, at

the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2

EDoe is represented by Legal Representative 005, as legal representative, for purposes of this

lawsuit.  Legal Representative 005, on behalf of John Sibling2 EDoe, brings survival claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in

the alternative, the laws of the District of Columbia or Lebanon.

32.     John Victim FDoe was, at the time of the acts alleged herein, a Lebanese citizen

domiciled in Lebanon and employed by the United States Government at the United States

Embassy in Beirut.  John Victim FDoe was killed by an act of "extrajudicial killing," as defined

in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in

connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim

FDoe was acting within the scope of his employment at the Embassy.  John Victim FDoe is

represented by John Child1 FDoe, as legal representative, for purposes of this lawsuit.  John

Child1 FDoe, on behalf of John Victim FDoe, brings survival claims pursuant to § 1605A(c) for

economic damages and pain and suffering.

33.     Plaintiff Jane Spouse FDoe is the widow of John Victim FDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Spouse FDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse FDoe brings claims for

loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or,

in the alternative, the laws of the District of Columbia or Lebanon.

34.     Plaintiff John Parent1 FDoe is the father of John Victim FDoe, who died as a

result of the 1983 Beirut Embassy bombing.  John Parent1 FDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 FDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

35.     Plaintiff John Child1 FDoe is the son of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 FDoe, now a U.S. Government employee, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

36.     Plaintiff Jane Child2 FDoe is the daughter of John Victim FDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child2 FDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 FDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

37.     John Victim GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim GDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim GDoe was acting within the scope of his employment at the Embassy.  John Victim GDoe is represented by John Child1 GDoe, as legal representative, for purposes of this lawsuit.  John Child1 GDoe, on behalf of John Victim GDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

38.     Plaintiff Jane Spouse GDoe, now deceased, was the widow of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse GDoe was, at the time

- 11 -

of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse GDoe is

represented by John Child1 GDoe, as legal representative, for purposes of this lawsuit.  John

Child1 GDoe, on behalf of Jane Spouse GDoe, brings survival claims for loss of consortium

and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative,

the laws of the District of Columbia or Lebanon.

      39.    Plaintiff Jane Sibling1 GDoe is the sister of John Victim GDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Sibling1 GDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Illinois.  Jane Sibling1 GDoe, now a U.S. citizen

domiciled in Illinois, brings claims for loss of solatium and/or intentional infliction of emotional

distress pursuant to § 1605A(c), or in the alternative, the laws of the District of Columbia,

Lebanon, or the State of Illinois.

      40.    Plaintiff Jane Sibling2 GDoe is the sister of John Victim GDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Sibling2 GDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Florida.  Jane Sibling2 GDoe, still domiciled in

Florida, brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or

the State of Florida.

      41.    Plaintiff Jane Sibling3 GDoe is the sister of John Victim GDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Sibling3 GDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 GDoe, now a Canadian

citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

42.     Plaintiff Jane Parent1 GDoe, now deceased, was the mother of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 GDoe is represented by John Child1 GDoe, as legal representative, for purposes of this lawsuit.  John Child1 GDoe, on behalf of Jane Parent1 GDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

43.     Plaintiff John Child1 GDoe is the son of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 GDoe, now a U.S. citizen domiciled in Illinois, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or in the alternative, the laws of the District of Columbia or Lebanon.

44.     Plaintiff Jane Child2 GDoe is the daughter of John Victim GDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child2 GDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 GDoe, now a U.S. citizen domiciled in Maryland, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

45.     John Victim HDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim HDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in

connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim HDoe was acting within the scope of his employment at the Embassy.  John Victim HDoe is represented by Jane Spouse HDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse HDoe, on behalf of John Victim HDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

46.     Plaintiff Jane Spouse HDoe is the widow of John Victim HDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse HDoe was, at the time of the acts alleged herein, a Lebanese and Danish citizen domiciled in Lebanon.  Jane Spouse HDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

47.     Plaintiff John Child1 HDoe is the son of John Victim HDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 HDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 HDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

48.     Plaintiff Jane Child2 HDoe is the daughter of John Victim HDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child2 HDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 HDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

49.     Jane Victim IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim IDoe was killed by an act of "extrajudicial killing," as defined

in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was killed, Jane Victim IDoe was acting within the scope of her employment at the Embassy.  Jane Victim IDoe is represented by John Child1 IDoe, as legal representative, for purposes of this lawsuit.  John Child1 IDoe, on behalf of Jane Victim IDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

50.     Plaintiff John Spouse IDoe, now deceased, was the widower of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Spouse IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  At the time of his death, John Spouse IDoe was a Canadian citizen domiciled in Canada.  John Spouse IDoe is represented by John Child1 IDoe, as legal representative, for purposes of this lawsuit.  John Child1 IDoe, on behalf of John Spouse IDoe, brings survival claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

51.     Plaintiff John Sibling1 IDoe, now deceased, was the brother of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  At the time of his death, John Sibling1 IDoe was a Canadian citizen domiciled in Canada.  John Sibling1 IDoe is represented by Legal Representative 012, as legal representative, for purposes of this lawsuit.  Legal Representative 012, on behalf of John Sibling1 IDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

52.     Plaintiff Jane Sibling2 IDoe is the sister of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 IDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

53.     Plaintiff John Child1 IDoe is the son of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 IDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

54.     Plaintiff John Child2 IDoe is the son of Jane Victim IDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child2 IDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 IDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

55.     John Victim JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim JDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim JDoe was acting within the scope of his employment at the Embassy.  John Victim JDoe is represented by John Child1 JDoe, as legal representative, for purposes of this lawsuit.  John

Child1 JDoe, on behalf of John Victim JDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

56.     Plaintiff Jane Spouse JDoe is the widow of John Victim JDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse JDoe, now a U.S. citizen domiciled in California, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

57.     Plaintiff John Child1 JDoe is the son of John Victim JDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 JDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

58.     Plaintiff John Sibling1 JDoe is the brother of John Victim JDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 JDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

59.     Plaintiff Jane Sibling2 JDoe, now deceased, was the sister of John Victim JDoe, who died as a result of the 1983 Beirut Embassy.  Jane Sibling2 JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 JDoe is represented by Legal Representative 001, as legal representative, for purposes of this lawsuit.  Legal

Representative 001, on behalf of Jane Sibling2 JDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

60.     Plaintiff Jane Sibling3 JDoe is the sister of John Victim JDoe, who died as a result of the 1983 Beirut Embassy.  Jane Sibling3 JDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 JDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

61.     John Victim KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim KDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim KDoe was acting within the scope of his employment at the Embassy.  John Victim KDoe is represented by John Child3 KDoe, as legal representative, for purposes of this lawsuit.  John Child3 KDoe, on behalf of John Victim KDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

62.     Plaintiff Jane Spouse KDoe, now deceased, was the widow of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse KDoe is represented by John Child3 KDoe, as legal representative, for purposes of this lawsuit.  John Child3 KDoe, on behalf of Jane Spouse KDoe, brings survival claims for loss of consortium

and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

63.     Plaintiff John Child1 KDoe, now deceased, was the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  At the time of his death John Child1 KDoe was a U.S. citizen.  John Child1 KDoe is represented by Legal Representative 008, as legal representative, for purposes of this lawsuit.  Legal Representative 008, on behalf of John Child1 KDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or in the alternative, the laws of the District of Columbia or Lebanon.

64.     Plaintiff John Child2 KDoe is the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child2 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and a U.S. Government employee.  John Child2 KDoe, now domiciled in Michigan, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon for the death of his father.

65.     Plaintiff John Child3 KDoe is the son of John Victim KDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child3 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child3 KDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

66.     Plaintiff John Child2 KDoe was a victim of the 1984 Beirut Embassy bombing. At the time of the acts alleged herein, John Child2 KDoe was a Lebanese citizen domiciled in

Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Child2 KDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Child2 KDoe was acting within the scope of his employment at the Embassy.  John Child2 KDoe, now domiciled in Michigan, brings claims pursuant to § 1605A(c) for his own economic damages and pain and suffering.

67.     Plaintiff Jane Spouse KDoe, now deceased, was the mother of John Child2 KDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Spouse KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse KDoe is represented by John Child3 KDoe, as legal representative, for purposes of this lawsuit.  John Child3 KDoe, on behalf of Jane Spouse KDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to her son.

68.     Plaintiff John Child1 KDoe, now deceased, was the brother of John Child2 KDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child1 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  At the time of his death John Child1 KDoe was a U.S. citizen.  John Child1 KDoe is represented by Legal Representative 008, as legal representative, for purposes of this lawsuit.  Legal Representative 008, on behalf of John Child1 KDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c) or, in the alternative,the laws of the District of Columbia or Lebanon, for the injuries to his brother.

69.     Plaintiff John Child3 KDoe is the brother of John Child2 KDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child3 KDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child3 KDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to his brother.

70.     Jane Victim LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim LDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was killed, Jane Victim LDoe was acting within the scope of her employment at the Embassy.  Jane Victim LDoe is represented by John Sibling1 LDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 LDoe, on behalf of Jane Victim LDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

71.     Plaintiff John Sibling1 LDoe is the brother of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 LDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

72.     Plaintiff Jane Sibling2 LDoe is the sister of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 LDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

73.     Plaintiff Jane Sibling3 LDoe is the sister of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling3 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 LDoe, now a French citizen domiciled in France, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

74.     Plaintiff Jane Parent1 LDoe is the mother of Jane Victim LDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 LDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 LDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

75.     John Victim MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim MDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim MDoe was acting within the scope of his employment at the Embassy.  John Victim MDoe is represented by John Sibling1 MDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 MDoe, on behalf of John Victim MDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

76.    Plaintiff John Sibling1 MDoe is the brother of John Victim MDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 MDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

77.    Plaintiff John Sibling2 MDoe is the brother of John Victim MDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling2 MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 MDoe, now a U.S. Citizen domiciled in Florida, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

78.    Plaintiff Jane Parent1 MDoe, now deceased, was the mother of John Victim MDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 MDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 MDoe is represented by John Sibling1 MDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 MDoe, on behalf of Jane Parent1 MDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

79.    Jane Victim NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim NDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was killed, Jane Victim

NDoe was acting within the scope of her employment at the Embassy.  Jane Victim NDoe is represented by John Sibling3 NDoe, as legal representative, for purposes of this lawsuit.  John Sibling3 NDoe, on behalf of Jane Victim NDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

80.     Plaintiff John Sibling1 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 NDoe was, at the time of the acts alleged herein, a Lebanese and U.S. citizen domiciled in California.  John Sibling1 NDoe, still domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c).

81.     Plaintiff John Sibling2 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling2 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Saudi Arabia.  John Sibling2 NDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Saudi Arabia.

82.     Plaintiff John Sibling3 NDoe is the brother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling3 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 NDoe, now a U.S. Government employee, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

83.     Plaintiff Jane Sibling4 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling4 NDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 NDoe, now a Greek citizen domiciled in Kuwait, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

84.     Plaintiff Jane Sibling5 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling5 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 NDoe, now a Swedish citizen domiciled in Sweden, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

85.     Plaintiff Jane Sibling6 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling6 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Saudi Arabia.  Jane Sibling6 NDoe, now domiciled in Lebanon, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Saudi Arabia.

86.     Plaintiff Jane Sibling7 NDoe is the sister of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling7 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling7 NDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

87.     Plaintiff John Parent1 NDoe, now deceased, was the father of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Parent1 NDoe was, at the time

of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 NDoe is represented by John Sibling1 NDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 NDoe, on behalf of John Parent1 NDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

88.     Plaintiff Jane Parent2 NDoe is the mother of Jane Victim NDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent2 NDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 NDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

89.     John Victim ODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim ODoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim ODoe was acting within the scope of his employment at the Embassy.  John Victim ODoe is represented by Jane Parent1 ODoe, as legal representative, for purposes of this lawsuit.  Jane Parent1 ODoe, on behalf of John Victim ODoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

90.     Plaintiff Jane Parent1 ODoe is the mother of John Victim ODoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 ODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 ODoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

91.     John Victim PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim PDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was killed, John Victim PDoe was acting within the scope of his employment at the Embassy.  John Victim PDoe is represented by Jane Spouse PDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse PDoe, on behalf of John Victim PDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

92.     Plaintiff Jane Spouse PDoe is the widow of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Spouse PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse PDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

93.     Plaintiff John Child1 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child1 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 PDoe, now domiciled in Massachusetts brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

94.     Plaintiff John Child2 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child2 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 PDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

95.     Plaintiff John Child3 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child3 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child3 PDoe, now a U.S. citizen domiciled in Texas, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

96.     Plaintiff John Child4 PDoe is the son of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Child4 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child4 PDoe, now a U.S. citizen domiciled in Texas, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

97.     Plaintiff Jane Child5 PDoe is the daughter of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child5 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child5 PDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

98.     Plaintiff John Sibling1 PDoe, now deceased, was the brother of John Victim PDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 PDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 PDoe is represented by Legal Representative 010, as legal representative, for purposes of this lawsuit.  Legal Representative 010, on behalf of John Sibling1 PDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

99.     Plaintiff John Victim QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim QDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was injured, John Victim QDoe was acting within the scope of his employment at the Embassy.  John Victim QDoe, now domiciled in California, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

100.    Plaintiff Jane Spouse QDoe is the wife of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Spouse QDoe was, at the time of the acts alleged herein, a Lebanese and Armenian citizen domiciled in Lebanon.  Jane Spouse QDoe, now domiciled in California, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

101.    Plaintiff John Parent1 QDoe, now deceased, was the father of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Parent1 QDoe was, at

the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 QDoe is represented by John Victim QDoe, as legal representative, for purposes of this lawsuit.  John Victim QDoe, on behalf of John Parent1 QDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

102.     Jane Parent2 QDoe, now deceased, was the mother of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Parent2 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 QDoe is represented by John Victim QDoe, as legal representative, for purposes of this lawsuit.  John Victim QDoe, on behalf of Jane Parent2 QDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

103.     Plaintiff John Sibling1 QDoe is the brother of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling1 QDoe was, at the time of the acts alleged herein, a U.S. citizen domiciled in New Jersey.  John Sibling1 QDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c).

104.     Plaintiff John Sibling2 QDoe is the brother of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling2 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 QDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

105.     Plaintiff John Child1 QDoe is the son of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child1 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 QDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

106.     Plaintiff Jane Child2 QDoe is the daughter of John Victim QDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child2 QDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 QDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

107.     Plaintiff Jane Victim RDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim RDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim RDoe was acting within the scope of her employment at the Embassy.  Jane Victim RDoe, who is still a U.S. Government employee, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

108.     Plaintiff John Sibling1 RDoe is the brother of Jane Victim RDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling1 RDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 RDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

109.    Plaintiff Jane Parent1 RDoe, now deceased, was the mother of Jane Victim RDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 RDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 RDoe is represented by Jane Victim RDoe, as legal representative, for purposes of this lawsuit.  Jane Victim RDoe, on behalf of Jane Parent1 RDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

110.    Plaintiff Jane Sibling3 RDoe is the sister of Jane Victim RDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling3 RDoe was, at the time of the acts alleged herein, a French citizen domiciled in France.  A ward of the French judicial system because she is incapacitated, Jane Sibling3 RDoe is represented by Legal Representative 002, as legal representative, for purposes of this lawsuit.  Legal Representative 002, on behalf of Jane Sibling3 RDoe, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or France.

111.    Plaintiff Jane Victim SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim SDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim

SDoe was acting within the scope of her employment at the Embassy.  Jane Victim SDoe, now a

U.S. citizen, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

112.     Plaintiff John Spouse SDoe, now deceased, was the husband of Jane Victim

SDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Spouse SDoe

was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  At the time

of his death John Spouse SDoe was a U.S. citizen.  John Spouse SDoe is represented by Jane

Victim SDoe, as legal representative, for purposes of this law suit.  Jane Victim SDoe, on behalf

of John Spouse SDoe, brings survival claims for loss of consortium and/or intentional infliction

of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of

Columbia or Lebanon.

113.     Plaintiff John Child1 SDoe is the son of Jane Victim SDoe, who was injured as a

result of the 1983 Beirut Embassy bombing.  John Child1 SDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 SDoe, now a U.S. citizen

domiciled in Texas, brings claims for loss of solatium and/or intentional infliction of emotional

distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or

Lebanon.

114.     Plaintiff John Child2 SDoe is the son of Jane Victim SDoe, who was injured as a

result of the 1983 Beirut Embassy bombing.  John Child2 SDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Kentucky.  John Child2 SDoe, now domiciled in

Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or

the State of Kentucky.

115.     Plaintiff John Child3 SDoe is the son of Jane Victim SDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child3 SDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child3 SDoe, now a U.S. citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

116.     Plaintiff John Victim TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim TDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was injured, John Victim TDoe was acting within the scope of his employment at the Embassy.  John Victim TDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

117.     Plaintiff Jane Spouse TDoe is the wife of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Spouse TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse TDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

118.     Plaintiff John Child1 TDoe is the son of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child1 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 TDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

119.    Plaintiff Jane Child2 TDoe is the daughter of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child2 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 TDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

120.    Plaintiff Jane Child3 TDoe is the daughter of John Victim TDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child3 TDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 TDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

121.    Plaintiff John Victim UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim UDoe was injured by acts of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of his injuries, John Victim UDoe was acting within the scope of his employment at the Embassy.  John Victim UDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

122.    Plaintiff Jane Spouse UDoe, now deceased, was the wife of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Spouse UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse UDoe is represented by John Victim UDoe, as legal representative, for purposes of this lawsuit.  John Victim UDoe, on behalf of Jane Spouse UDoe, brings survival claims for loss of

consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

123.    Plaintiff Jane Sibling1 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 UDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

124.    Plaintiff Jane Sibling2 UDoe is the sister of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 UDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

125.    Plaintiff Jane Sibling3 UDoe, now deceased, was the sister of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 UDoe is represented by John Victim UDoe, as legal representative, for purposes of this law suit.  John Victim UDoe, on behalf of Jane Sibling3 UDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia or Lebanon.

126.    Plaintiff Jane Sibling4 UDoe, now deceased, was the sister of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling4 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 UDoe is represented by Legal Representative 011, as legal lepresentative, for purposes

of this lawsuit.  Legal Representative 011, on behalf of Jane Sibling4 UDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to §1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

127.  Plaintiff Jane Sibling5 UDoe, now deceased, was the sister of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling5 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 UDoe is represented by Legal Representative 006, as legal representative, for purposes of this lawsuit.  Legal Representative 006, on behalf of Jane Sibling5 UDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

128.  Plaintiff John Child1 UDoe is the son of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Child1 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 UDoe, now domiciled in Saudi Arabia, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

129.  Plaintiff Jane Child2 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child2 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 UDoe, now domiciled in Saudi Arabia, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

130.     Plaintiff Jane Child3 UDoe is the daughter of John Victim UDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child3 UDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 UDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

131.     Plaintiff Jane Victim VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim VDoe was injured by acts of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of her injuries, Jane Victim VDoe was acting within the scope of her employment at the Embassy.  Jane Victim VDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

132.     Plaintiff John Sibling1 VDoe is the brother of Jane Victim VDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Sibling1VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 VDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

133.     Plaintiff Jane Parent1 VDoe, now deceased, was the mother of Jane Victim VDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Parent1 VDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 VDoe is represented by Jane Victim VDoe, as legal representative, for purposes of this lawsuit.  Jane Victim VDoe, on behalf of Jane Parent1 VDoe, brings survival claims for loss of

solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

134.    Plaintiff Jane Victim WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim WDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim WDoe was acting within the scope of her employment at the Embassy.  Jane Victim WDoe, now a Canadian citizen domiciled in Canada, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

135.    Plaintiff John Spouse WDoe is the husband of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Spouse WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Spouse WDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

136.    Plaintiff Jane Parent1 WDoe, now deceased, was the mother of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 WDoe, who died in Canada, is represented by Jane Victim WDoe, as legal representative, for purposes of this lawsuit.  Jane Victim WDoe, on behalf of Jane Parent1 WDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional

distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

137.     Plaintiff John Child1 WDoe is the son of Jane Victim WDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child1 WDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 WDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

138.     Plaintiff John Victim XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim XDoe was injured by acts of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of his injuries, John Victim XDoe was acting within the scope of his employment at the Embassy.  John Victim XDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

139.     Plaintiff Jane Spouse XDoe is the spouse of John Victim XDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Spouse XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse XDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

140.     Plaintiff Jane Child2 XDoe is the daughter of John Victim XDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child2 XDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 XDoe

brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

141.    Plaintiff John Victim YDoe, now deceased, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim YDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was injured, John Victim YDoe was acting within the scope of his employment at the Embassy. John Victim YDoe is represented by Jane Child1 YDoe, as legal representative, for purposes of this lawsuit.   Jane Child1 YDoe, on behalf of John Victim YDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

142.    Plaintiff Jane Child1 YDoe is the daughter of John Victim YDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child1 YDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1 YDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

143.    Plaintiff Jane Child2 YDoe is the daughter of John Victim YDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child2 YDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 YDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

144.    Plaintiff John Child3 YDoe, now deceased, was the son of John Victim YDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child3 YDoe was, at the

time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. John Child3 YDoe is represented by Legal Representative 007, as legal representative, for purposes of this lawsuit. Legal Representative 007, on behalf of John Child3 YDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

145.    Plaintiff John Victim ZDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Embassy in Beirut. John Victim ZDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing. At the time he was injured, John Victim ZDoe was acting within the scope of his employment at the Embassy. John Victim ZDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

146.    Plaintiff Jane Spouse ZDoe, now deceased, was the wife of John Victim ZDoe, who was injured as a result of the 1983 Beirut Embassy bombing. Jane Spouse ZDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Jane Spouse ZDoe is represented by John Victim ZDoe, as legal representative, for purposes of this lawsuit. John Victim ZDoe, on behalf of Jane Spouse ZDoe, brings survival claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

147.    Plaintiff John Victim AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. John Victim AADoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the

TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was injured, John Victim AADoe was acting within the scope of his employment at the Embassy.  John Victim AADoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

148.    Plaintiff Jane Spouse AADoe is the wife of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Spouse AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse AADoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

149.    Plaintiff Jane Sibling1 AADoe is the sister of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling1 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 AADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

150.    Plaintiff John Child1 AADoe is the son of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child1 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 AADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

151.    Plaintiff John Child2 AADoe is the son of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child2 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 AADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

152.    Plaintiff Jane Child3 AADoe is the daughter of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child3 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 AADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

153.    Plaintiff Jane Child4 AADoe is the daughter of John Victim AADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Child4 AADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 AADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

154.    Plaintiff Jane Victim BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim BBDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim BBDoe was acting within the scope of her employment at the Embassy.  Jane Victim BBDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

155.    Plaintiff John Spouse BBDoe is the husband of Jane Victim BBDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Spouse BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Spouse BBDoe, now a U.S. citizen, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia or Lebanon.

156.    Plaintiff John Child1 BBDoe is the son of Jane Victim BBDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Child1 BBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 BBDoe, now a U.S. citizen, brings claims for and loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

157.    Plaintiff Jane Victim CCDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim CCDoe was injured by acts of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of her injuries, Jane Victim CCDoe was acting within the scope of her employment at the Embassy. Jane Victim CCDoe, now a U.S. citizen domiciled in California, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

158.    Plaintiff Jane Victim DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim DDDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim DDDoe was acting within the scope of her employment at the Embassy.  Jane Victim DDDoe, now a U.S. citizen domiciled in Florida, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

159.    Plaintiff John Sibling1 DDDoe is the brother of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling1 DDDoe was, at the time

- 45 -

of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and was employed by the U.S. Embassy at the time of the 1984 attack.  John Sibling1 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative the laws of the District of Columbia or Lebanon.

160.    Plaintiff John Sibling2 DDDoe is the brother of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling2 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

161.    Plaintiff John Sibling3 DDDoe is the brother of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling3 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 DDDoe, now domiciled in France, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative the laws of the District of Columbia or Lebanon.

162.    Plaintiff Jane Sibling4 DDDoe is the sister of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling4 DDDoe was, at the time of the act alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

163.     Plaintiff Jane Sibling5 DDDoe is the sister of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling5 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 DDDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

164.     Plaintiff John Parent1 DDDoe is the father of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Parent1 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Parent1 DDDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), for the injuries to his daughter.

165.     Plaintiff Jane Parent2 DDDoe is the mother of Jane Victim DDDoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Parent2 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 DDDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

166.     Plaintiff John Parent1 DDDoe was a victim of the 1984 Beirut Embassy bombing.  At the time of the acts alleged herein, John Parent1 DDDoe was a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Parent1 DDDoe was injured by an act of "extrajudicial killing" as defined in 28 U.S.C. §§1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the

1984 Beirut Embassy bombing.  At the time he was injured, John Parent1 DDDoe was acting within the scope of his employment at the Embassy.  In addition to the claims listed above for the injuries relating to his daughter Jane Victim DDDoe, John Parent1 DDDoe, now domiciled in California, brings claims pursuant to § 1605A(c) for his own economic damages and pain and suffering.

167.    Plaintiff John Sibling1 DDDoe is the son of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and was employed by the U.S. Embassy at the time of the 1984 attack.  John Sibling1 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to his father.

168.    Plaintiff John Sibling2 DDDoe is the son of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to his father.

169.    Plaintiff John Sibling3 DDDoe is the son of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling3 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 DDDoe, now domiciled in France, brings claims for loss of solatium and/or intentional infliction of emotional

distress pursuant to § 1605A(c), or, in the alternative the laws of the District of Columbia or Lebanon, for the injuries to his father.

170.    Plaintiff Jane Sibling4 DDDoe is the daughter of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling4 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 DDDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to her father.

171.    Plaintiff Jane Sibling5 DDDoe is the daughter of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling5 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 DDDoe, now domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to her father.

172.    Plaintiff Jane Victim DDDoe is the daughter of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Victim DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim DDDoe, now a U.S. citizen domiciled in Florida, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c) for the injuries to her father.

173.    Plaintiff Jane Parent2 DDDoe is the wife of John Parent1 DDDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Parent2 DDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 DDDoe, now

domiciled in California, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon, for the injuries to her husband.

174.    John Victim EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim EEDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  John Victim EEDoe is represented by John Sibling1 EEDoe, as legal representative, for purposes of this lawsuit.  At the time he was killed, John Victim EEDoe was acting within the scope of his employment at the Embassy.  John Sibling1 EEDoe, on behalf of John Victim EEDoe, brings survival claims pursuant to §1605A(c) for economic damages and pain and suffering.

175.    Plaintiff John Sibling1 EEDoe is the brother of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling1 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 EEDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

176.    Plaintiff Jane Sibling2 EEDoe is the sister of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 EEDoe, now domiciled in Florida, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

177.   Plaintiff Jane Sibling3 EEDoe is the sister of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling3 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 EEDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

178.   Plaintiff John Parent1 EEDoe is the father of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Parent1 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 EEDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

179.   Plaintiff Jane Parent2 EEDoe is the mother of John Victim EEDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Parent2 EEDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 EEDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

180.   John Victim FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim FFDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim FFDoe was acting within the scope of his employment at the Embassy.  John Victim FFDoe is represented by John Child1 FFDoe, as legal representative, for purposes of this lawsuit.  John

Child1 FFDoe, on behalf John Victim FFDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

181.    Plaintiff Jane Spouse FFDoe is the widow of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Spouse FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse FFDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

182.    Plaintiff John Sibling1 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

183.    Plaintiff John Sibling2 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling2 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 FFDoe, now a Swedish and Lebanese citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

184.    Plaintiff John Sibling3 FFDoe is the brother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling3 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

185.     Plaintiff Jane Sibling4 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling4 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

186.     Plaintiff Jane Sibling5 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling5 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

187.     Plaintiff Jane Sibling6 FFDoe is the sister of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling6 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling6 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

188.     Plaintiff Jane Parent1 FFDoe is the mother of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Parent1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 FFDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

189.     Plaintiff John Child1 FFDoe is the son of John Victim FFDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Child1 FFDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 FFDoe, now a U.S.

Government employee, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

190.     John Victim GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim GGDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim GGDoe was acting within the scope of his employment at the Embassy.  John Victim GGDoe is represented by Jane Spouse GGDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse GGDoe, on behalf of John Victim GGDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

191.     Plaintiff Jane Spouse GGDoe is the widow of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Spouse GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse GGDoe, now a U.S. Government employee, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

192.     Plaintiff Jane Sibling1 GGDoe is the sister of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling1 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 GGDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

193.    Plaintiff Jane Sibling2 GGDoe is the sister of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 GGDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

194.    Plaintiff John Child1 GGDoe is the son of John Victim GGDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Child1 GGDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 GGDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

195.    John Victim HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim HHDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim HHDoe was acting within the scope of his employment at the Embassy.  John Victim HHDoe is represented by John Child1 HHDoe, as legal representative, for purposes of this lawsuit.  John Child1 HHDoe, on behalf of John Victim HHDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

196.    Plaintiff Jane Spouse HHDoe is the widow of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Spouse HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse HHDoe, now a U.S. Government employee, brings claims for loss of consortium and/or intentional infliction of

emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

197.    Plaintiff Jane Sibling1 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling1 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 HHDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

198.    Plaintiff Jane Sibling2 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 HHDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

199.    Plaintiff Jane Sibling3 HHDoe is the sister of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling3 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 HHDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

200.    Plaintiff John Sibling4 HHDoe is the brother of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling4 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling4 HHDoe, now domiciled in New York, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

201.    Plaintiff John Child1 HHDoe is the son of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Child1 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 HHDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

202.    Plaintiff Jane Parent1 HHDoe is the stepmother of John Victim HHDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Parent1 HHDoe married John Victim HHDoe's father and raised John Victim HHDoe from infancy as her own child.  Jane Parent1 HHDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Jane Parent1 HHDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

203.    John Victim IIDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim IIDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim IIDoe was acting within the scope of his employment at the Embassy.  John Victim IIDoe is represented by Jane Spouse IIDoe, as legal representative, for purposes of this lawsuit.  Jane Spouse IIDoe, on behalf of John Victim IIDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

204.    Plaintiff Jane Spouse IIDoe is the widow of John Victim IIDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Spouse IIDoe was, at the time of the acts

alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse IIDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

205.    John Victim JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim JJDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was killed, John Victim JJDoe was acting within the scope of his employment at the Embassy.  John Victim JJDoe is represented by John Child1 JJDoe, as legal representative, for purposes of this lawsuit.  John Child1 JJDoe, on behalf of John Victim JJDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

206.    Plaintiff Jane Spouse JJDoe is the widow of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Spouse JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse JJDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

207.    Plaintiff John Sibling1 JJDoe is the brother of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Sibling1 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

208.     Plaintiff Jane Sibling2 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

209.     Plaintiff Jane Sibling 3 JJDoe, now deceased, was the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling 3 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 JJDoe is represented by Legal Representative 009, as legal representative, for purposes of this lawsuit.  Legal Representative 009, on behalf of Jane Sibling3 JJDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

210.     Plaintiff Jane Sibling4 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling4 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

211.     Plaintiff Jane Sibling5 JJDoe is the sister of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Sibling5 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

212.     Plaintiff John Child1 JJDoe is the son of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Child1 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 JJDoe, now a U.S. Government employee, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

213.     Plaintiff John Child2 JJDoe is the son of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  John Child2 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

214.     Plaintiff Jane Child3 JJDoe is the daughter of John Victim JJDoe, who died as a result of the 1984 Beirut Embassy bombing.  Jane Child3 JJDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 JJDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

215.     Plaintiff John Victim KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim KKDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim KKDoe was acting within the scope of his employment at the Embassy.  John Victim KKDoe, now a U.S. Citizen, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

216.    Plaintiff Jane Spouse KKDoe is the wife of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Spouse KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse KKDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

217.    Plaintiff Jane Child1 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child1 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1 KKDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

218.    Plaintiff Jane Child2 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child2 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 KKDoe, now domiciled in the United Arab Emirates, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

219.    Plaintiff Jane Child3 KKDoe is the daughter of John Victim KKDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child3 KKDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 KKDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

220.    Plaintiff Jane Victim LLDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the

United States Embassy in Beirut.  Jane Victim LLDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim LLDoe was acting within the scope of her employment at the Embassy.  Jane Victim LLDoe, now a U.S. citizen domiciled in Arizona, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

221.    Plaintiff Jane Sibling1 LLDoe is the sister of Jane Victim LLDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling1 LLDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Texas.  Jane Sibling1 LLDoe, now a U.S. citizen domiciled in France, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or the State of Texas.

222.    Plaintiff John Sibling2 LLDoe is the brother of Jane Victim LLDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 LLDoe was, at the time of the acts alleged herein, a U.S. citizen domiciled in Texas.  John Sibling2 LLDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c).

223.    Plaintiff Jane Victim MMDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim MMDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim MMDoe was acting within the scope of her employment at the Embassy.  Jane Victim MMDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

224.    Plaintiff John Victim NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim NNDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim NNDoe was acting within the scope of his employment at the Embassy.  John Victim NNDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

225.    Plaintiff Jane Spouse NNDoe is the wife of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Spouse NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse NNDoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

226.    Plaintiff John Child1 NNDoe is the son of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child1 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 NNDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

227.    Plaintiff Jane Child2 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child2 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.   Jane Child2 NNDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

228.    Plaintiff Jane Child3 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child3 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 NNDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

229.    Plaintiff Jane Child4 NNDoe is the daughter of John Victim NNDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child4 NNDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 NNDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

230.    Plaintiff John Victim OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim OODoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim OODoe was acting within the scope of his employment at the Embassy.  John Victim OODoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

231.    Plaintiff Jane Spouse OODoe is the wife of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Spouse OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse OODoe brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

232.     Plaintiff John Child1 OODoe is the son of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child1 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 OODoe, now a French citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

233.     Plaintiff John Child2 OODoe is the son of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child2 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2 OODoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

234.     Plaintiff Jane Child3 OODoe is the daughter of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child3 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 OODoe, now a Canadian citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

235.     Plaintiff Jane Child4 OODoe is the daughter of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child4 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 OODoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

236.     Plaintiff John Child5 OODoe is the son of John Victim OODoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child5 OODoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child5 OODoe, now a U.S. citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

237.     Plaintiff John Victim PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim PPDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim PPDoe was acting within the scope of his employment at the Embassy.  John Victim PPDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

238.     Plaintiff John Sibling1 PPDoe is the brother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. John Sibling1 PPDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

239.     Plaintiff Jane Sibling2 PPDoe is the sister of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 PPDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

240.     Plaintiff John Sibling3 PPDoe, now deceased, was previously incorrectly referred to as John Child1 PPDoe.  John Sibling3 PPDoe was the brother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling3 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 PPDoe is represented by John Victim PPDoe, as legal representative, for purposes of this law suit.  John Victim PPDoe, on behalf of John Sibling3 PPDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

241.     Plaintiff Jane Parent1 PPDoe, now deceased, was the mother of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombings.  Jane Parent1 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 PPDoe is represented by John Victim PPDoe, as legal representative, for purposes of this lawsuit.  John Victim PPDoe, on behalf of Jane Parent1 PPDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

242.     Plaintiff John Parent2 PPDoe, now deceased, was the father of John Victim PPDoe, who was injured as a result of the 1984 Beirut Embassy bombings.  John Parent2 PPDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent2 PPDoe is represented by John Victim PPDoe, as legal representative, for purposes of this lawsuit.  John Victim PPDoe, on behalf of John Parent2 PPDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

243.    Plaintiff Jane Victim QQDoe was previously incorrectly referred to as John Victim QQDoe.  Plaintiff Jane Victim QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim QQDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim QQDoe was acting within the scope of her employment at the Embassy.  Jane Victim QQDoe, who is still a U.S. Government employee, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

244.    Plaintiff Jane Sibling1 QQDoe is the sister of Jane Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling1 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 QQDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

245.    Plaintiff Jane Sibling2 QQDoe is the sister of Jane Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling2 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 QQDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

246.    Plaintiff John Parent1 QQDoe, now deceased, was the father of Jane Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Parent1 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 QQDoe is represented by Jane Victim QQDoe, as legal representative, for purposes of

this lawsuit.  Jane Victim QQDoe, on behalf of John Parent1 QQDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

247.    Plaintiff Jane Parent2 QQDoe, now deceased, was the mother of Jane Victim QQDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Parent2 QQDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 QQDoe is represented by Jane Victim QQDoe, as legal representative, for purposes of this lawsuit.  Jane Victim QQDoe, on behalf of Jane Parent2 QQDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

248.    Plaintiff Jane Victim RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim RRDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim RRDoe was acting within the scope of her employment at the Embassy.  Jane Victim RRDoe, now a U.S. citizen domiciled in Virginia, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

249.    Plaintiff John Child1 RRDoe is the son of Jane Victim RRDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Child1 RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 RRDoe, now a U.S. citizen domiciled in Ohio, brings claims for loss of solatium and/or intentional infliction of

emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

250.    Plaintiff Jane Child2 RRDoe is the daughter of Jane Victim RRDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child2 RRDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 RRDoe, now a U.S. citizen domiciled in New Jersey, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

251.    Plaintiff Jane Victim SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim SSDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time she was injured, Jane Victim SSDoe was acting within the scope of her employment at the Embassy.  Jane Victim SSDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

252.    Plaintiff Jane Sibling1 SSDoe is the sister of Jane Victim SSDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling1 SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 SSDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

253.    Plaintiff Jane Child1 SSDoe is the daughter of Jane Victim SSDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Child1 SSDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1 SSDoe brings

claims for loss of solatium and/or intentional infliction of emotional distress pursuant to
§ 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

254.    Plaintiff John Victim TTDoe was, at the time of the acts alleged herein, a
Lebanese citizen domiciled in Lebanon and employed by the United States Government at the
United States Embassy in Beirut.  John Victim TTDoe was injured by an act of "extrajudicial
killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the
TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of his
injuries, John Victim TTDoe was acting within the scope of his employment at the Embassy.
John Victim TTDoe, now a Canadian citizen domiciled in Canada, brings claims pursuant to
§ 1605A(c) for economic damages and pain and suffering.

255.    Plaintiff Jane Spouse TTDoe is the wife of John Victim TTDoe, who was injured
as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Spouse TTDoe was, at the time
of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse TTDoe, now a
Canadian citizen domiciled in Canada, brings claims for loss of consortium and/or intentional
infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the
District of Columbia or Lebanon.

256.    Plaintiff John Child1 TTDoe is the son of John Victim TTDoe, who was injured
as a result of the 1983 and 1984 Beirut Embassy bombings.  John Child1 TTDoe was, at the time
of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child1 TTDoe, now a
Canadian citizen domiciled in Canada, brings claims for loss of solatium and/or intentional
infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the
District of Columbia or Lebanon.

257.    Plaintiff Jane Child2 TTDoe is the daughter of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child2 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 TTDoe, now a Canadian citizen domiciled in Michigan, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

258.    Plaintiff Jane Child3 TTDoe is the daughter of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child3 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3 TTDoe, now a Canadian and Lebanese citizen domiciled in Michigan, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

259.    Plaintiff Jane Parent1 TTDoe, now deceased, was the mother of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Parent1 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 TTDoe is represented by John Victim TTDoe, as legal representative, for purposes of this lawsuit.  John Victim TTDoe, on behalf of Jane Parent1 TTDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

260.    Plaintiff John Parent2 TTDoe, now deceased, was the father of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Parent2 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent2 TTDoe is represented by John Victim TTDoe, as legal representative, for

purposes of this lawsuit.  John Victim TTDoe, on behalf of John Parent2 TTDoe, brings survival

claims for loss of solatium and/or intentional infliction of emotional distress pursuant to

§ 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

261.    Plaintiff John Sibling1 TTDoe is the brother of John Victim TTDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Sibling1 TTDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1

TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

262.    Plaintiff John Sibling2 TTDoe is the brother of John Victim TTDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Sibling2 TTDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2

TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

263.    Plaintiff Jane Sibling3 TTDoe is the sister of John Victim TTDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling3 TTDoe was, at

the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3

TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

264.    Plaintiff Jane Sibling4 TTDoe is the sister of John Victim TTDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling4 TTDoe was, at

the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4

TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

265.     Plaintiff Jane Sibling5 TTDoe is the sister of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling5 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

266.     Plaintiff Jane Sibling6 TTDoe is the sister of John Victim TTDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Sibling6 TTDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling6 TTDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

267.     Plaintiff John Victim UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim UUDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim UUDoe was acting within the scope of his employment at the Embassy.  John Victim UUDoe, who is still a U.S. Government employee, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

268.     Plaintiff John Sibling1 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 UUDoe, now a French citizen, brings claims for loss of solatium and/or intentional infliction of emotional

distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

269.     Plaintiff John Sibling2 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in California.  John Sibling2 UUDoe, now a U.S. citizen, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or the State of California.

270.     Plaintiff John Sibling3 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling3 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 UUDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

271.     Plaintiff John Sibling4 UUDoe is the brother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling4 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling4 UUDoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

272.     Plaintiff Jane Sibling5 UUDoe, now deceased, was the sister of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling5 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

Jane Sibling5 UUDoe is represented by Legal Representative 013, as legal representative, for purposes of this lawsuit.  Legal Representative 013, on behalf of Jane Sibling5 UUDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

273.    Plaintiff Jane Sibling6 UUDoe is the sister of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling6 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling6 UUDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

274.    Plaintiff Jane Parent1 UUDoe, now deceased, was the mother of John Victim UUDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Parent1 UUDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent1 UUDoe is represented by John Victim UUDoe, as legal representative, for purposes of this lawsuit.  John Victim UUDoe, on behalf of Jane Parent1 UUDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

275.    Plaintiff John Victim WWDoe was, at the time of the acts alleged herein, a Lebanese and Canadian citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim WWDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim WWDoe was acting within the scope of his employment at the

Embassy.  John Victim WWDoe, now domiciled in Canada, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

276.    Plaintiff Jane Spouse WWDoe is the wife of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Spouse WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse WWDoe, now a Canadian citizen domiciled in Canada, brings claims for loss of consortium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

277.    Plaintiff John Sibling1 WWDoe is the brother of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 WWDoe was, at the time of the acts alleged herein, a Lebanese and Canadian citizen domiciled in Canada.  John Sibling1 WWDoe, now domiciled in Lebanon, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Canada.

278.    Plaintiff John Sibling2 WWDoe is the brother of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 WWDoe was, at the time of the acts alleged herein, a Lebanese and Canadian citizen domiciled in Canada.  John Sibling2 WWDoe, now domiciled in Lebanon, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Canada.

279.    Plaintiff Jane Sibling3 WWDoe is the sister of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling3 WWDoe was, at the time of the acts alleged herein, a Lebanese and Canadian citizen domiciled in Lebanon.  Jane Sibling3

WWDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

280.    Plaintiff Jane Child1 WWDoe is the daughter of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Child1 WWDoe was, at the time of the acts alleged herein, a Lebanese and Canadian citizen domiciled in Lebanon. Jane Child1 WWDoe, now domiciled in Canada, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

281.    Plaintiff Jane Parent1 WWDoe is the mother of John Victim WWDoe, who was injured as a result of the 1984 Beirut Embassy bombing. Jane Parent1 WWDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Jane Parent1 WWDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

282.    Plaintiff John Victim XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and working pursuant to a personal services contract with the United States Government at the United States Embassy in Beirut. John Victim XXDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing. At the time he was injured, John Victim XXDoe was acting within the scope of his employment at the Embassy. John Victim XXDoe, now a U.S. Government employee and U.S. citizen domiciled in Virginia who has renounced his Lebanese citizenship, brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

283.    Plaintiff John Sibling1 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 XXDoe, now a French citizen domiciled in France, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

284.    Plaintiff John Sibling2 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 XXDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

285.    Plaintiff John Sibling3 XXDoe is the brother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling3 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling3 XXDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

286.    Plaintiff John Parent1 XXDoe is the father of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Parent1 XXDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 XXDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant § 1605A(c), or, in the alternative, to the laws of the District of Columbia or Lebanon.

287.    Plaintiff Jane Parent2 XXDoe is the mother of John Victim XXDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Parent2 XXDoe was, at the time

of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 XXDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

288.    Plaintiff Jane Victim YYDoe was, at the time of acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim YYDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was killed, Jane Victim YYDoe was acting within the scope of her employment at the Embassy.  Jane Victim YYDoe is represented by John Sibling1 YYDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 YYDoe, on behalf of Jane Victim YYDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

289.    Plaintiff John Sibling1 YYDoe is the brother of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling1 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 YYDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

290.    Plaintiff Jane Sibling2 YYDoe is the sister of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 YYDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

291.     Plaintiff Jane Sibling3 YYDoe is the sister of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling3 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 YYDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

292.     Plaintiff Jane Sibling4 YYDoe is the sister of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling4 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 YYDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

293.     Plaintiff John Parent1 YYDoe, now deceased, was the father of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Parent1 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 YYDoe is represented by John Sibling1 YYDoe, as legal representative, for purposes of this lawsuit.  John Sibling1 YYDoe, on behalf of John Parent1 YYDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

294.     Plaintiff Jane Parent2 YYDoe is the mother of Jane Victim YYDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent2 YYDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 YYDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

295.     Plaintiff Jane Victim ZZDoe was, at the time of acts alleged herein, a Tunisian

citizen who maintained a Tunisian domicile while employed by the United States Government

and temporarily assigned to the United States Embassy in Beirut.  Jane Victim ZZDoe was killed

by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and

pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At

the time she was killed, Jane Victim ZZDoe was acting within the scope of her employment at

the Embassy.  Jane Victim ZZDoe is represented by John Sibling2 ZZDoe, as legal

representative, for purposes of this lawsuit.  John Sibling2 ZZDoe, on behalf of Jane Victim

ZZDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and

suffering.

296.     Plaintiff Jane Sibling1 ZZDoe is the sister of Jane Victim ZZDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Sibling1 ZZDoe was, at the time of the acts

alleged herein, a Tunisian citizen domiciled in Tunisia.  Jane Sibling1 ZZDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in

the alternative, the laws of the District of Columbia, Lebanon, or Tunisia.

297.     Plaintiff John Sibling2 ZZDoe is the brother of Jane Victim ZZDoe, who died as a

result of the 1983 Beirut Embassy bombing.  John Sibling2 ZZDoe was, at the time of the acts

alleged herein, a Tunisian citizen domiciled in Tunisia.  John Sibling2 ZZDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in

the alternative, the laws of the District of Columbia, Lebanon, or Tunisia.

298.     Plaintiff Jane Sibling3 ZZDoe is the sister of Jane Victim ZZDoe, who died as a

result of the 1983 Beirut Embassy bombing.  Jane Sibling3 ZZDoe was, at the time of the acts

alleged herein, a Tunisian citizen domiciled in Tunisia.  Jane Sibling3 ZZDoe brings claims for

loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Tunisia.

299.   Plaintiff John Sibling4 ZZDoe is the brother of Jane Victim ZZDoe, who died as a result of the 1983 Beirut Embassy bombing.  John Sibling4 ZZDoe was, at the time of the acts alleged herein, a Tunisian citizen domiciled in Tunisia.  John Sibling4 ZZDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Tunisia.

300.   Plaintiff Jane Parent1 ZZDoe, now deceased, was the mother of Jane Victim ZZDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Parent1 ZZDoe was, at the time of the acts alleged herein, a Tunisian citizen domiciled in Tunisia.  Jane Parent1 ZZDoe is represented by John Sibling2 ZZDoe, as legal representative, for the purposes of this lawsuit. John Sibling2 ZZDoe, on behalf of Jane Parent1 ZZDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Tunisia.

301.   Plaintiff Jane Victim AAADoe was, at the time of acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim AAADoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was injured, Jane Victim AAADoe was acting within the scope of her employment at the Embassy.  Jane Victim AAADoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

302.   Plaintiff John Sibling1 AAADoe is the brother of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Sibling1 AAADoe was, at the

time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 AAADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

303.   Plaintiff Jane Sibling2 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 AAADoe, now a U.S. citizen domiciled in California, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

304.   Plaintiff Jane Sibling3 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling3 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 AAADoe, now a U.S. citizen domiciled in Virginia, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon..

305.   Plaintiff Jane Sibling4 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling4 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 AAADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

306.   Plaintiff Jane Sibling5 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling5 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5

AAADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

307.     Plaintiff Jane Sibling6 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling6 AAADoe was, at the time of the acts alleged herein, a U.S. and Lebanese citizen domiciled in Michigan.  Jane Sibling6 AAADoe, still domiciled in Michigan, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c).

308.     Plaintiff Jane Sibling7 AAADoe is the sister of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Sibling7 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling7 AAADoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

309.     Plaintiff John Parent1 AAADoe, now deceased, was the father of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  John Parent1 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Parent1 AAADoe is represented by Jane Victim AAADoe, as legal representative, for the purposes of this lawsuit.  Jane Victim AAADoe, on behalf of John Parent1 AAADoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

310.     Plaintiff Jane Parent2 AAADoe, now deceased, was the mother of Jane Victim AAADoe, who was injured as a result of the 1983 Beirut Embassy bombing.  Jane Parent2 AAADoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Parent2 AAADoe is represented by Jane Victim AAADoe, as legal representative, for the

purposes of this lawsuit.  Jane Victim AAADoe, on behalf of John Parent2 AAADoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

311.    Plaintiff John Victim BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim BBBDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1984 Beirut Embassy bombing.  At the time he was injured, John Victim BBBDoe was acting within the scope of his employment at the Embassy.  John Victim BBBDoe brings claims pursuant to § 1605A(c) for economic damages and pain and suffering.

312.    Plaintiff John Sibling1 BBBDoe is the brother of John Victim BBBDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling1 BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling1 BBBDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

313.    Plaintiff John Sibling2 BBBDoe is the brother of John Victim BBBDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling2 BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Sibling2 BBBDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

314.    Plaintiff John Sibling3 BBBDoe, now deceased, was the brother of John Victim BBBDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  John Sibling3 BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.

John Sibling3 BBBDoe is represented by Jane Sibling4 BBBDoe, as legal representative, for purposes of this lawsuit.  Jane Sibling4 BBBDoe, on behalf of John Sibling3 BBBDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

315.   Plaintiff Jane Sibling4 BBBDoe is the sister of John Victim BBBDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling4 BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling4 BBBDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

316.   Plaintiff Jane Sibling5 BBBDoe is the sister of John Victim BBBDoe, who was injured as a result of the 1984 Beirut Embassy bombing.  Jane Sibling5 BBBDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling5 BBBDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

317.   Plaintiff John Victim CCCDoe, now deceased, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  John Victim CCCDoe was injured by acts of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 and 1984 Beirut Embassy bombings.  At the time of his injuries, John Victim CCCDoe was acting within the scope of his employment at the Embassy.  John Victim CCCDoe is represented by Jane Spouse CCCDoe, as legal representative, for purposes of this lawsuit.  At the time of his death John Victim CCCDoe was a U.S. citizen

domiciled in New Jersey.  Jane Spouse CCCDoe, on behalf of John Victim CCCDoe, brings

survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

318.    Plaintiff Jane Spouse CCCDoe is the widow of John Victim CCCDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Spouse CCCDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Spouse

CCCDoe, now a U.S. citizen domiciled in New Jersey, brings claims for loss of consortium

and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative,

the laws of the District of Columbia or Lebanon.

319.    Plaintiff Jane Child1 CCCDoe is the daughter of John Victim CCCDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child1 CCCDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1

CCCDoe, now a U.S. citizen domiciled in New Jersey, brings claims for loss of solatium and/or

intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws

of the District of Columbia or Lebanon.

320.    Plaintiff John Child2 CCCDoe is the son of John Victim CCCDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  John Child2 CCCDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  John Child2

CCCDoe, now a U.S. citizen domiciled in Pennsylvania, brings claims for loss of solatium

and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative,

the laws of the District of Columbia or Lebanon.

321.    Plaintiff Jane Child3 CCCDoe is the daughter of John Victim CCCDoe, who was

injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child3 CCCDoe was,

at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child3

CCCDoe, now a U.S. citizen domiciled in the United Kingdom, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

322.    Plaintiff Jane Child4 CCCDoe is the daughter of John Victim CCCDoe, who was injured as a result of the 1983 and 1984 Beirut Embassy bombings.  Jane Child4 CCCDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child4 CCCDoe, now a U.S. citizen domiciled in Sweden, brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

323.    Plaintiff Jane Victim DDDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut.  Jane Victim DDDDoe was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time she was killed, Jane Victim DDDDoe was acting within the scope of her employment at the Embassy.  Jane Victim DDDDoe is represented by Jane Child1 DDDDoe, as legal representative, for purposes of this lawsuit.  Jane Child1 DDDDoe, on behalf of Jane Victim DDDDoe, brings survival claims pursuant to § 1605A(c) for economic damages and pain and suffering.

324.    Plaintiff Jane Sibling1 DDDDoe, now deceased, was the sister of Jane Victim DDDDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling1 DDDDoe was, at the time of acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling1 DDDDoe is represented by Legal Representative 003, as legal representative, for purposes of this lawsuit.  Legal Representative 003, on behalf of Jane Sibling1 DDDDoe, brings survival claims

for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

325.    Plaintiff Jane Sibling2 DDDDoe is the sister of Jane Victim DDDDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling2 DDDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling2 DDDDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

326.    Plaintiff Jane Sibling3 DDDDoe, now deceased, was the sister of Jane Victim DDDDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Sibling3 DDDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Sibling3 DDDDoe is represented by Legal Representative 004, as legal representative, for purposes of this lawsuit.  Legal Representative 004, on behalf of Jane Sibling3 DDDDoe, brings survival claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c) or, in the alternative, the laws of the District of Columbia or Lebanon.

327.    Plaintiff Jane Child1 DDDDoe is the daughter of Jane Victim DDDDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child1 DDDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child1 DDDDoe brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

328.    Plaintiff Jane Child2 DDDDoe is the daughter of Jane Victim DDDDoe, who died as a result of the 1983 Beirut Embassy bombing.  Jane Child2 DDDDoe was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon.  Jane Child2 DDDDoe, now an Italian citizen domiciled in Italy, brings claims for loss of solatium and/or intentional infliction

of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

329.    Plaintiff John Victim EEEDoe was, at the time of the acts alleged herein, a U.S. citizen and a soldier in the United States Army, stationed at the U.S. Embassy in Beirut.  John Victim EEEDoe was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to section 3 of the TVPA, in connection with the 1983 Beirut Embassy bombing.  At the time he was injured, John Victim EEEDoe was acting within the scope of his employment as military personnel assigned to guard the Embassy.  John Victim EEEDoe brings claims pursuant to § 1605A(c)(2), for economic damages and pain and suffering.

330.    Defendant Iran is a foreign sovereign state.  Iran operated under a constitutional monarchy until January 16, 1979, when Shah Mohammed Reza Pahlavi fled the country after a period of violent unrest orchestrated by the Ayatollah Ruhollah Musawi Khomeini and his followers.  On April 1, 1979, Ayatollah Khomeini declared the creation of the Islamic Republic of Iran.

331.    Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. Appx. § 2405(j)), and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984.  Iran was designated a state sponsor of terrorism as a result, *inter alia*, of the 1983 Beirut Embassy bombing.

332.    Defendant MOIS functions as the Iranian Intelligence Service and, in this capacity, as an agent of Iran.

333.    MOIS operates both within and outside Iranian territory.

334.     Pursuant to 28 U.S.C. § 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents, including those of MOIS.

## III.

## FACTUAL ALLEGATIONS

**The April 18, 1983, Attack on the United States Embassy in Beirut.**

335.     Paragraphs 1 through 334 are incorporated herein as if fully set forth herein.

336.     In *Dammarell*, this Court held Iran and MOIS liable for the April 18, 1983, terrorist attack on the United States Embassy in Beirut.  *Dammarell v. Islamic Republic of Iran,* 281 F. Supp. 2d 105, 108-113 (D.D.C. 2003); *see also Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 274 (D.D.C. 2005) (containing factual findings expressly incorporated into the final judgment); 2006 WL 2583043 (D.D.C. Sept. 7, 2006) (final judgment).  In that case, more than 80 U.S. citizen victims and their families sued the Islamic Republic of Iran and MOIS seeking damages for their material support of the attack by Hezbollah on the United States Embassy in Beirut.  At the time the complaint in *Dammarell* was filed, and through final judgment, only U.S. nationals were eligible under the FSIA to sue the Defendants.  Since that time, the FSIA has been amended by the NDAA 2008 Act, Pub. Law 110-181, § 1083, to waive the sovereign immunity of state sponsors of terrorism such as Iran for acts that injured or killed employees or contract workers of the U.S. Government.

337.     Following approximately 20 days of evidentiary hearings conducted in two phases, this Court held that 28 U.S.C. § 1605(a)(7) removed the sovereign immunity of Iran and MOIS for their role in the bombings and that Iran and MOIS were liable for the 1983 Embassy bombing.  *See Dammarell*, 2006 WL 2583043, at *1 & n.2, *3.  The Court concluded that the evidence presented at trial "show[ed] unquestionably that Iran and MOIS provided material support to Hizbollah, and that this support was the proximate cause of the 1983 Beirut embassy

bombing and the deaths and injuries that resulted." *Dammarell v. Islamic Republic of Iran*, 2005 WL 756090, at *6 (D.D.C. Mar. 29, 2005). The Court awarded plaintiffs compensatory damages in the amount of $315,919,657. The findings of the Court were set forth in several opinions and are generally as follows:

338.    The country of Lebanon consists of dozens of different ethnic and religious groups, including Sunni Muslims, Shi'ite Muslims, Maronite Christians, and Druse. By 1975, the political power sharing arrangements did not reflect Lebanon's actual demographics, causing general unrest among the population. As a result, a 15-year civil war began that year.

339.    In 1979, the Shah of Iran, an ally of the United States, was overthrown by the Ayatollah Khomeini and his followers, who set up a fundamentalist Islamic regime in Iran. One of their objectives was to establish Iran as the preeminent power in the Middle East by, among other things, forcing the United States and other Western nations out of the region.

340.    By the early 1980s, the Lebanese government was incapable of providing basic social services to, and had little control over most of, the country. The capital city, Beirut, was divided into multiple quarters that were controlled by militias loyal to the various factions vying for dominance.

341.    In June 1982, Israel invaded southern Lebanon. Soon after the invasion, Hezbollah — a politico-paramilitary terrorist organization — was established in Lebanon with the guidance and financial support of the government of Iran.

342.    At all pertinent times herein, Iran provided material support and resources, as defined in 18 U.S.C. § 2339A, to Hezbollah by providing it with funding, direction, and training for its terrorist activities in Lebanon. Iran accordingly sponsored Hezbollah within the meaning of 28 U.S.C. § 1605A.

343.    As part of its operations, MOIS acted as a conduit for Iran's provision of funds, training and direction to Hezbollah for its terrorist activities in Lebanon.  In so doing, MOIS, acting as an agent of Iran, performed actions within the scope of its agency within the meaning of 28 U.S.C. § 1605A(c).

344.    Among Hezbollah's major activities in Lebanon was its opposition to the Western presence in the country, including the presence of the United States.

345.    Accordingly, during the period following the 1982 Israeli invasion of Lebanon, Hezbollah and other terrorist organizations began orchestrating a series of violent attacks against Westerners and Western installations throughout Lebanon generally and in the Lebanese capital of Beirut in particular.

346.    In addition to the 1983 and 1984 bombings of the U.S. Embassy, the major attacks perpetrated by Hezbollah and other terrorist organizations during this time period included the October 1983 bombing of the Marine Corps barracks in Beirut, which resulted in the deaths of 241 U.S. servicemen, and the January 1984 assassination of Malcolm Kerr, President of the American University in Beirut.

347.    Further, beginning in 1983 and ending in 1991 with the release of U.S. journalist Terry Anderson, numerous citizens of the United States and Western European countries were kidnapped in and around Beirut and held hostage, often for extended periods of time.

348.    On April 18, 1983, at approximately 1:05 p.m., an unidentified male driver crashed a vehicle laden with hundreds of pounds of explosives into the main entrance of the U.S. Embassy in Beirut.

349.    Upon crashing into the Embassy, the vehicle exploded with a force so powerful that seven floors in the center section of the crescent-shaped building collapsed.

350.    Portions of the Embassy, including the Marine security guard post, the cafeteria, the United States Information Service library, the personnel section, and the consular section, were completely destroyed by the blast.  Other parts of the building were severely damaged.

351.    As a result of the blast and the resulting damage and destruction of portions of the Embassy, 63 people were killed.  Over 100 others were injured.

352.    The 1983 Beirut Embassy bombing was the first-large scale attack on a United States Embassy, in Lebanon or elsewhere, that resulted in mass casualties.  It also represented Hezbollah's first large-scale attack in Beirut targeting a U.S. facility, ushering in an era of more than two decades of terrorist strikes on United States citizens and facilities at home and abroad.

353.    In *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105 (D.D.C. 2005), this Court took judicial notice of the Court's "extensive" factual findings regarding the involvement of Iran, MOIS, and Hezbollah in the April 18, 1983, bombing of the U.S. Embassy in *Dammarell* and entered judgment against Iran and MOIS in favor of Donna K. Salazar, individually and on behalf of her husband Army Staff Sergeant Mark E. Salazar, who was killed in the 1983 embassy bombing.  The Court awarded compensatory damages to the *Salazar* plaintiffs in the amount of $18,297,000.

354.    The injuries and/or deaths of the Plaintiff victims of the April 18, 1983, attack in this case, as found in *Dammarell* and *Salazar*, were a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

**The September 20, 1984, Attack on the United States Embassy Annex.**

355.    In *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128 (D.D.C. 2001), this Court (Jackson, J.) held that the Republic of Iran and MOIS were responsible for the second,

September 20, 1984, attack on the U.S. Embassy Annex in Beirut.  In that case, claims were brought on behalf of the Estate of Michael Ray Wagner, a Naval officer assigned to the U.S. Embassy in Beirut who was killed in the bombing, and his immediate family.  At the time the Complaint in *Wagner* was filed, non-U.S. citizens were not eligible to sue the Defendants under the FSIA.

356.     As in *Dammarell*, the Court held that 28 U.S.C. § 1605(a)(7), the predecessor provision to 28 U.S.C. § 1605A, removed the sovereign immunity of Iran and MOIS for their roles in the bombings and held the Defendants liable to the plaintiffs for their damages sustained as a result of the bombing of the Embassy Annex.  The Court awarded the plaintiffs $16,281,245 in compensatory damages against Iran and MOIS.  The Court also awarded $300 million in punitive damages against MOIS.  The Court made the following findings:

357.     After the 1983 attack on the U.S. Embassy, the government was forced to relocate its embassy operations to a new building in East Beirut, which was referred to by Embassy staff as the "Embassy Annex."

358.     Shortly before noon on Thursday, September 20, 1984, a station wagon loaded with some 1500 kilograms of explosives was driven onto the embassy compound at high speed.  The vehicle exploded in the vicinity of a concrete cistern filled with water at the front of the Embassy.  The car bomb demolished the embassy building.  Over a dozen people were killed, the majority of which were Lebanese nationals employed by the U.S. government, and over 60 other people were wounded, including the Ambassador.

359.     The evidence connecting the bombing to Iran and MOIS included, among other things, satellite photos of an exact replica of the obstacle-strewn approach to the U.S. Embassy, constructed as a training device for the suicide bomber, situated at the Sheik Abdullah Barracks

in the Bekka Valley of Lebanon.  Iranian Revolutionary Guards were known to be quartered at

the barracks, where members of Hezbollah were also quartered and trained.  These barracks were

one of the places of confinement for American hostages seized by Hezbollah.

360.    As in *Wagner,* the injuries and deaths of the Plaintiff victims of the September 20,

1984, attack, and their immediate family members in this case were the direct and proximate

result of the willful, wrongful, intentional, and reckless acts of Hezbollah members, whose acts

were funded and directed by the Islamic Republic of Iran through its agent MOIS.

**COUNT I**
**28 U.S.C. § 1605A(c), PRIVATE RIGHT OF ACTION**

361.    Paragraphs 1 through 360 are incorporated herein as if fully set forth herein.

362.    Iran was a state sponsor of terrorism as described in 28 U.S.C.

§ 1605A(a)(2)(A)(i).  Defendants and their agents were acting within the scope of their office,

employment, or agency in committing the acts alleged herein, including planning and carrying

out the terrorist attacks on the United States Embassy in Beirut, Lebanon on April 18, 1983, and

September 20, 1984.

363.    As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agent MOIS, Plaintiffs suffered, *inter alia*, death, physical pain and suffering, mental

anguish, emotional pain and suffering, and/or economic losses resulting from Defendants' acts.

364.    Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs, who are U.S. nationals and U.S.

Government employees and their family members, may assert a cause of action against

Defendants for personal injury or death that was caused by an act of extrajudicial killing or the

provision of material support or resources for such an act, if performed or provided by an

official, employee, or agent of Defendants while acting within the scope of his or her office,

employment, or agency.

365.    Accordingly, as a result of Defendants' actions, Plaintiffs seek compensatory

damages.

WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against

Defendants in the amount of $7 BILLION DOLLARS ($7,000,000,000).

## COUNT II
## LOSS OF SOLATIUM AND/OR CONSORTIUM

366.    Paragraphs 1 through 365 are incorporated herein as if fully set forth.

367.    As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Defendants, the Plaintiff family members of the victims suffered extreme mental anguish,

emotional pain and suffering, and the loss of the society and companionship of the victims.

368.    Accordingly, Plaintiff family members bring claims for loss of solatium and/or

loss of consortium against Defendants pursuant to 28 U.S.C. § 1605A(c), or, in the alternative,

the laws of the District of Columbia, Lebanon, France, Tunisia, Canada, Saudi Arabia, the State

of California, the State of Illinois, the State of Michigan, the State of Kentucky, the State of

Florida, the State of New Jersey, or the State of Texas.

WHEREFORE, the individual Plaintiffs demand that judgment be entered, jointly and

severally, against Defendants, in the amount of $1 BILLION DOLLARS ($1,000,000,000).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

369.    Paragraphs 1 through 368 are incorporated by reference as though fully set forth

herein.

370.    On April 18, 1983, members of Hezbollah willfully, violently, and forcefully

caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.

371.     On September 20, 1984, members of Hezbollah willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy Annex in Beirut, Lebanon.

372.     The acts of detonating an explosive charge at the U.S. Embassy in Lebanon on April 18, 1983, and on September 20, 1984, constituted extreme and outrageous conduct on the part of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

373.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs suffered severe emotional distress, entitling them to compensatory damages.

374.     Each Plaintiff family member may assert a cause of action for intentional infliction of emotional distress against Defendants in connection with the willful, wrongful, intentional, and reckless actions of Hezbollah members.  Such cause of action may be asserted pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, France, Tunisia, Canada, Saudi Arabia, the State of California, the State of Illinois, the State of Michigan, the State of Kentucky, the State of Florida, the State of New Jersey, or the State of Texas.

WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against Defendants in the amount of $1 BILLION DOLLARS ($1,000,000,000).

**COUNT IV**
**SURVIVAL DAMAGES**

375.     Paragraphs 1 through 374 are incorporated by reference as though fully set forth herein.

376.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Defendants, the Plaintiff family members of the victims suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of their immediate relatives killed or injured in the attacks, and the employee victims experienced physical injury or other injuries as a result of the attacks.

377.     Certain Plaintiffs who suffered these injuries have since deceased and are now represented by heirs-at-law serving as legal representatives.

378.     Under federal and/or state and foreign law, a cause of action may be asserted on behalf of each decedent bringing survival injury, intentional infliction of emotional distress and/or loss of solatium or consortium claims against Defendants in connection with the willful, wrongful, intentional, and reckless actions of Defendants.

WHEREFORE Plaintiffs demand that judgment be entered, jointly and severally, against Defendants, in the amount of $1 BILLION DOLLARS ($1,000,000,000).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

A)     Grant Plaintiffs judgment in their favor against Defendants on Counts I through
          IV; and

B)     Award Plaintiffs:

1.      Compensatory damages against Defendants the Islamic Republic of Iran

and the Iranian Ministry of Information and Security, jointly and severally, in the

amount of $10 BILLION DOLLARS ($10,000,000,000);

2.      Pre-judgment interest;

3.      Reasonable costs and expenses;

4.      Reasonable attorneys' fees; and

Such other and further relief which the Court may determine to be just and equitable

under the circumstances.


Dated:  November 19, 2010                  Respectfully submitted,



                                            _____
                                            Stuart H. Newberger, D.C. Bar No. 294793
                                            Michael L. Martinez, D.C. Bar No. 347310
                                            Laurel Pyke Malson, D.C. Bar No. 317776
                                            Katherine J. Nesbitt, D.C. Bar No. 474681
                                            Timothy L. Foden, D.C. Bar No. 979947
                                            CROWELL & MORING LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004-2595
                                            (202) 624-2500 telephone
                                            (202) 628-5116 facsimile

                                            *Attorneys for Plaintiffs*