UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESTATE OF JOHN DOE,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 08-540 (JDB/JMF) |
| | : | |
| | : | |
| **ISLAMIC REPUBLIC OF IRAN,** *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case is before me for a Report and Recommendation. On February 19, 2013, I issued a Minute Order informing plaintiffs' counsel that I was ready to issue my Report, and ordering them to show cause why it should not be placed on the public record. Having reviewed the plaintiffs' response to that order, Response to February 19, 2013 Minute Order ("Response") [#94], I am now prepared to issue two different versions of my Report: 1) a comprehensive version with no redactions, using plaintiffs' true names, to be filed under seal and remain under seal indefinitely; and 2) a public version, which uses the pseudonyms plaintiffs provided and redacts the vast majority of identifying information.

Plaintiffs' response to my show cause order urged me to follow this approach in order to "minimize the risk of harm to individual Plaintiffs and their families." Response [#94] at 1. Plaintiffs noted that this case has proceeded as a "John Doe" case since its inception due to the potential risk some plaintiffs may face as a result of their continued residency in Lebanon. Id. at 2-3. I have concluded that the concerns raised by the plaintiffs are genuine, and that any Report and Recommendation I issue must take those concerns into account.

Accordingly, I endeavored to create a public version of my Report and Recommendation that preserves the anonymity of the plaintiffs to the greatest extent possible, while still allowing for meaningful public access to judicial proceedings and records. Today, I will file both this version and the indefinitely sealed version under seal, to give plaintiffs an opportunity to review the two documents side by side and object to the absence of certain redactions they deem necessary.

To guide the plaintiffs' review, I note that the public version was redacted or altered according to the following general principles:

- All names of persons and/or their legal representatives are in John Doe form, with the exception of Mr. Wolf, the plaintiffs' expert. Legal representatives of decedents are generally referred to as LEGAL REPRESENTATIVE, followed by their assigned number, using the Fifth Amended List of True Names and Addresses for Filing Under Pseudonyms [#70] provided by plaintiffs.

- The name of the position in which each victim was employed at the Embassy is redacted. I also redacted any information that would reasonably identify that information, including where their office was located in the building or what they were working on at the time of the explosion. I did not redact the location of the victim at the time of the explosion where that information would not reasonably reveal the victim's position at the Embassy.

- The name or nature of any employment prior to employment at the Embassy is also redacted for all victims. For those victims who remain employed by the Embassy today, that information is also redacted.

- The age of all family members of the victims are redacted to prevent reasonable identification. The ages of the deceased are not redacted, however, as their age at the time of death is essential to calculating the appropriate compensatory damages award. Similarly, I did not redact the age of the injured victims, as I believe it was relevant in calculating pain and suffering awards based on lost opportunities, medical care received, and other factors.

- Important dates and numbers, such as the year a plaintiff got married, the year children were born, the age difference between siblings, or the year a plaintiff moved to another country, are all redacted.

- If the factual findings in the sealed version indicate where a plaintiff was living at the time of the bombing, that information is redacted, as is any other information that would

reasonably suggest the plaintiff was living outside of Beirut.  Likewise, the locations where people moved later on are redacted.

- The name and/or nature of any family member's employment or educational status at the time of the bombing(s) are also redacted.  For example, names of universities are redacted, as are any positions held by the family members at the time of the bombing(s).

- All other proper names, including the locations where injured victims were treated or deceased victims identified, were redacted to read "[REDACTED] Hospital."

I believe that these redactions achieve the goals of protecting the plaintiffs from any harm and satisfying this Court's obligation to permit public access to its opinions. Plaintiffs request an opinion written in general terms, but such an opinion would not explain why certain plaintiffs were entitled to the damages I awarded, and would deprive my legal conclusions of needed factual support.  The plaintiffs should therefore be aware that I am strongly disinclined to redact any additional category of information beyond what is listed above.  In particular, I will not entertain an objection that the nature and extent of the victims' injuries should be redacted, as I have concluded that such information is essential to my legal conclusions regarding whether damages are warranted and the amount thereof.

However, given the delicate nature of these proceedings and the risk to the plaintiffs identified in their <u>Response</u> [#94], I will afford the plaintiffs one last opportunity to catch any omissions I may have made in my redactions, or object to other categories of information that the plaintiffs feel absolutely must be redacted in order to protect their safety.

Counsel for the plaintiffs are instructed to send a representative to my chambers today to retrieve copies of the public and sealed versions of my Report and Recommendation.  Plaintiffs may then file a praecipe, under seal, indicating any objections, or, if there are no objections, indicating their consent for the seal on the public version to be lifted.

Plaintiffs' praecipe must be filed no later than close of business on Friday, March 22, 2013. After reviewing that praecipe, I will either lift the seal on the public version of the Report and Recommendation already filed, or file an updated version that includes any changes I agree must be made on the basis of the praecipe. Plaintiffs are reminded that the objections raised at this stage must be regarding the redactions only. Further objections to the content of the Report and Recommendation may be made to Judge Bates after the final public version is filed.

It is, therefore, hereby,

**ORDERED** that the plaintiffs' file a praecipe by no later than the close of business on Friday, March 22, 2013, either objecting to the redactions (or lack thereof) made in the public version of my Report and Recommendation, or indicating that there are no objections.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE