UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF DOE *et al.*,

    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN *et al.*,

    Defendants.

No. 1:08-cv-540-JDB-JMF

**MOTION TO CORRECT MAY 9, 2013 ORDER
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request this Court to correct what appears to be the inadvertent omission of Plaintiff Jane Parent1 GDoe from the damages chart attached to the Court's May 9, 2013 Order, ECF No. 107. Plaintiffs believe this omission was unintentional because the Report and Recommendation by Magistrate Judge Facciola, which this Court adopted in part, included findings of fact regarding the injury suffered by Jane Parent1 GDoe, and Plaintiffs can discern no basis for the absence of an award for this Plaintiff from the Court's damages chart. Accordingly, Plaintiffs respectfully request this Court to correct this omission under Rule 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

The relief requested herein is within the power of this Court. *See* Fed. R. Civ. P. 60(a); *Howard Sober, Inc. v. Interstate Commerce Comm'n*, 628 F.2d 36, 41 (D.C. Cir. 1980) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." (citing *Gagnon v. United States*, 193 U.S. 451, 456 (1904))). Rule 60(a) "recognizes this power," *Howard Sober*, 628 F.2d at 41, and permits a party to move for such a correction. This Court has "broad discretion in

correcting errors . . . under Rule 60." *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 9 (D.D.C. 2005); *see also Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) ("[T]he district judge . . . is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion . . . .").

Plaintiffs believe this Court intended to award Jane Parent1 GDoe damages consistent with damages awarded to similarly situated Plaintiffs – other parents who lost children in the 1983 embassy bombing – that is, $5,000,000 in compensatory damages, increasing to $38,209,000 with prejudgment interest, and $925,925.92 in punitive damages for a total award of $39,134,925.92.

Accordingly, Plaintiffs respectfully request this Court to issue a modified order awarding Jane Parent1 GDoe damages of $39,134,925.92 and increasing the total judgment against Defendants from $8,411,899,098.08 to $8,451,034,024.

A Proposed Order is attached.

Respectfully submitted,

 /s/ Aryeh S. Portnoy
Stuart H. Newberger, D.C. Bar No. 294793
Laurel Pyke Malson, D.C. Bar No. 317776
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Kerry M. Mustico, D.C. Bar No. 982240
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
202-624-2500 (tel)
202-628-5116 (fax)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that Defendants in this action could not be sent a copy of the foregoing paper as they have not yet entered an appearance and appear not to have acknowledged other efforts to contact them in this action or in others similar to it.


Date: March 20, 2013                       */s/ Aryeh S. Portnoy*
                                                    Aryeh S. Portnoy