UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF JOHN DOE, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>　　Defendants. | Civil Action No.  08-540 (JDB) |

ORDER

After a five-year process, which included amassing an extensive factual record and involved substantial efforts by plaintiffs, their counsel, Magistrate Judge Facciola, and this Court, the Court awarded $8,411,899,098.08 against the Islamic Republic of Iran and other defendants in this terrorism case. See Order [Docket Entry 107] (May 9, 2013). Forty-nine days after entry of judgment, on June 27, 2013, John Doe Z, filed a pro se motion to intervene as a plaintiff under Federal Rule of Civil Procedure 24. John Doe Z claims to be a sibling of one of the plaintiff victims in this suit, and seeks an award for pain and suffering.

Federal Rule of Civil Procedure 24 allows intervention, either permissive or as of right, "[o]n timely motion." Fed. R. Civ. P. 24(a), (b). "Whether intervention be claimed of right or as permissive, . . . the application must be 'timely.' If it is untimely, intervention must be denied." NAACP v. New York, 413 U.S. 345, 365 (1973). Timeliness is evaluated based on all the circumstances, including the "time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Smoke v. Norton, 252 F.3d

468, 471 (D.C. Cir. 2001) (internal quotation marks omitted). And it "is measured from when the prospective intervenor knew or should have known that any of its rights would be directly affected by the litigation." Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003) (internal quotation marks omitted). Timeliness "is to be determined by the court in the exercise of its sound discretion." Associated Builders & Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (internal quotation marks omitted).

The D.C. Circuit has embraced a "presumption that post-judgment motions to intervene will be denied." Id.; see also Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment."), abrogated on other grounds by Republic of Iraq v. Beaty, 556 U.S. 848 (2009). Post-judgment motions to intervene are, however, permitted in certain circumstances, such as "where the prospective intervenor's interest did not arise until the appellate stage or where intervention would not unduly prejudice the existing parties." Id. at 50.

Plaintiffs, victims of the 1983 and 1984 United States Embassy bombings in Lebanon and their families, filed this action on March 28, 2008, as a "Related Action" to an earlier case. The Court entered a final judgment of liability in favor of plaintiffs on August 16, 2011, and referred the case to Magistrate Judge John Facciola for a recommended determination of damages. After receiving affidavits and de bene esse deposition testimony and holding an evidentiary hearing, Judge Facciola filed a 220-page Report & Recommendation that "extensively describe[d] the key facts relevant to each of the more than 300 plaintiffs' claims and carefully analyze[d] their claims under the framework established in prior mass tort cases related to terrorism." Memorandum Opinion [Docket Entry 106] at 3 (May 9, 2013). The Court adopted the Report &

Recommendation with some modifications on May 9, 2013. Seven weeks later, on June 27, 2013, John Doe Z filed this pro se motion to intervene.[1]

In explaining why he failed to move to intervene earlier, John Doe Z, who resides in the United States, indicates that he and "the rest of my 5 siblings" were "scared to file" because they "have family in Lebanon and visit it frequently" and "no Identity protection was offered." Mot. to Intervene [Docket Entry 111] at 7 (June 27, 2013). He explains that he did not want to participate "till [I] learned recently that a protective order was granted." Id. Over five years ago, at the very outset of this action, however, the Court granted plaintiffs' motion for leave to file a complaint omitting the plaintiffs' real names and addresses. See Order [Docket Entry 2] (Mar. 28, 2008) ("Plaintiffs may file their complaint without submitting their real names and addresses."). This Order was part of the public docket and so accessible to John Doe Z. Indeed, the victim to whom plaintiff claims to be related, Jane Victim LLDoe, along with a sibling, Jane Sibling1 LLDoe, were plaintiffs in the action, underscoring that familial connections to Lebanon posed no obstacle to joining this action at an earlier stage. Accordingly, John Doe Z's sole proffered reason fails to justify his delay. See Associated Builders, 166 F.3d at 1257 ("A motion for intervention after judgment will usually be denied where a clear opportunity for pre-judgment intervention was not taken." (internal quotation marks omitted)); see also NAACP, 413 U.S. at 367 (affirming denial of motion to intervene in part because would-be intervenors failed "to take immediate affirmative steps to protect their interests" where doing so would have allowed them to participate at a critical stage of the proceedings).

John Doe Z could have protected his rights by intervening at an earlier time and has offered no sound justification for the delay. On the other side of the ledger, allowing intervention at this stage would delay adjudication of the parties' rights. Considering John Doe Z's claim

---

[1] The Court gave plaintiffs' counsel an opportunity to comment on John Doe Z's motion, but they declined to do so.

3

would require reopening discovery to obtain testimony about his relationship to the injured victim. Reopening factual collection would unduly delay the disposition of this case, prejudicing defendants.[2] Even assuming that prejudice to defendants warrants less consideration in a default judgment case like this one, reopening the factual record would significantly burden the Court's orderly processes. See Charles Alan Wright et al., Federal Practice and Procedure § 1916 (3d ed.) (often, "allowing intervention after judgment will either (1) prejudice the rights of the existing parties to the litigation or (2) substantially interfere with the orderly processes of the court" (internal quotation marks omitted)).

Nor are there unique circumstances in this case that make post-judgment intervention appropriate. For example, this is not a case where "the necessity of intervention [arose only] after judgment had been entered." Associated Builders, 166 F.3d at 1257 (distinguishing such cases); see also Paisley v. CIA, 724 F.2d 201, 202 n.1 (D.C. Cir. 1984) (per curiam) (listing, as an example of special circumstances, post-judgment intervention "to perfect further appeals when the parties themselves have decided not to do so or to bring to the court's attention newly-discovered evidence that could not have been previously brought before the court"). John Doe Z could have moved to intervene years earlier to protect his rights without excessively delaying the proceedings and leading to duplicative factual work. His motion is based neither on new law nor on new facts, nor does it seek to perfect an appeal of the judgment, but rather to reap its benefits. Allowing John Doe Z to intervene now would expose defendants to an endless stream of claims by other individuals who could have, but chose not to, join the suit, would delay the existing

---

[2] Moreover, allowing John Doe Z's intervention would leave the judgment open to an indefinite cascade of new claims, each requiring reopening of the factual record. Illustrating this point, John Doe Z refers to other siblings who were apparently reluctant to join the suit earlier, and who (along with possibly many others) might file their own motions to intervene.

plaintiffs' recovery, and would seriously hamper the orderly administration of these factually complicated actions.

The Court's finding that the motion to intervene was untimely "makes it unnecessary for [the Court] to consider whether other conditions for intervention under Rule 24 were satisfied." NAACP, 413 U.S. at 369; see also Associated Builders, 166 F.3d at 1257.

For the foregoing reasons, [111] John Doe Z's motion to intervene is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  July 22, 2013